F. SIESE V. M. MALSCH.

(Case No. 450.)

1. JUDGMENT.—Suit was brought against the husband and wife jointly
    on two notes; one executed by the wife before marriage, the other
    by the husband alone. With no suggestion of the death of the wife,
    *scire facias* was issued by the clerk to make her legal representa-
    tives parties; the cause proceeded to trial, and judgment was ren-

dered against the husband alone, with execution authorized against the estate of his "deceased" wife in the hands of the husband. *Held*—

1. The judgment against the separate property of the wife in the hands of the husband was error.

2. The fact that the record disclosed that *scire facias* had been issued and served on certain parties, as being the heirs of the deceased wife, did not bring them before the court, unless based on a suggestion of record of the wife's death.

3. Price *v.* Wiley, 19 Tex., approved.

4. The husband was not liable for the debt of the wife contracted before marriage.

Error from Colorado. Tried below before the Hon. Livingston Lindsay.

Suit brought January 13, 1873, by Malsch against Ferdinand Siese, and his wife, Juliane Siese, formerly Juliane Stolle, on a promissory note of $457.13, dated September 10, 1868, payable to the plaintiff, and made by Mrs. Siese, one of the defendants, before her marriage with her codefendant, and signed by her under her name, as it was before marriage. The petition also declared on a note of $55.05, given by the defendant, Ferdinand Siese, to the plaintiff, after his marriage with Mrs. Juliane Siese, formerly Stolle. The petition prayed for judgment on the two notes, "and for further general and special relief in law or equity."

The defendants filed only a general demurrer, and no other plea. The demurrer was overruled by the court and judgment was rendered as follows: "That the plaintiff do have and recover from the defendant, Ferdinand Siese, as the surviving husband of Juliane Siese, the sum of five hundred and eighty-nine 86–100 dollars, with interest thereon at the rate of ten per cent. until paid, for which execution may issue against the estate of Juliane Siese, deceased, in the hand of Ferdinand Siese, surviving husband, and co-defendant in this suit." The judgment proceeds to adjudge in favor of the plaintiff the amount of principal and interest due on the $55.05 note of Ferdinand

Siese, against him, and that the plaintiff recover all costs in this behalf incurred.

There does not appear in the record any suggestion of the death of Juliane Siese, other than that which is implied in the form of the judgment and its recitals. There appear, however, writs of *scire facias,* issued by the clerk of the court, to be served on Augusta, Sophia, Anna, Amalia and Emil Stolle, as the children and heirs of Juliane Siese, deceased, citing them to appear and answer, at the February term of the district court, 1874, in this suit, which writs were served on all of them except Amalia; the return as to that person being that she had departed this life. The record does not show that they, or either of them, appeared or answered, nor whether they were adults or minors. The demurrer was overruled by the court, and judgment rendered by the court without a jury.

There is in the record neither a bill of exceptions, statement of facts, nor assignment of errors.

*R. V. Cook,* for plaintiff in error.

*M. Malsch,* for defendant in error.

WALKER, COMMISSIONER.— Where the appellant assigns no error of which he complains, the supreme court will consider such only, as appear from the record, that go to the foundation of the action — the right of the plaintiff to recover upon the cause of action relied on by him to sustain the judgment which is appealed from. If the objections go to the merits and foundation of the action, so that upon the case made by the pleadings the party has no right to the judgment, such objections will be considered, whether assigned as error or not. 1 Tex., 529; 16 Tex., 13; 17 Tex., 47; 10 Tex., 33; 11 Tex., 577; Cooper *v.* Marchbanks, 22 Tex., 1.

The cause of action set forth in the petition against the

wife was her alleged liability on her separate debt to the plaintiff, and for which her separate property was alleged to be liable. At her death, her separate property vested in her heirs, and remained no longer subject to the control of the surviving husband, as such. The judgment against the husband as the survivor of the marriage, decreeing her separate property in his hands subject to the plaintiff's debt, assumes the converse of the foregoing proposition to be true, and that her separate property found in his hands would be subject to the debts of the wife, under proceedings against the surviving husband, the same as those allowed under art. 4648, Pasch. Dig., for the collection of a community debt where the husband surviving had complied with its provisions.

No question is presented by the record as to whether or not a judgment might have been rendered against the community estate, subjecting it in the hands of the husband, if he had been duly qualified as such, to the satisfaction of the separate debts of the wife, contracted by her before marriage.

The suit on the debt against her having been properly brought in the wife's lifetime against her and her husband, at her death, did not abate; the plaintiff was entitled to revive it against her legal representative. If there had been a formal suggestion of her death upon the record in open court (and it does not appear that such suggestion was ever made, or that the original petition was amended at any time, or in any respect), or if the plaintiff had filed with the clerk a petition representing that fact, it then would have been the duty of the clerk of the court to issue a *scire facias* to the legal representative of such party, who, upon service being made upon him, the statute determines that he shall be made a party to such suit, and the same shall proceed against him. Art. 7, Pasch. Dig.

The only party defendant who was properly before the court, as the record shows, was the appellant Ferdinand

Siese. The *scire facias* issued to the persons recited in those writs as being the heirs and children of Mrs. Siese, was not based upon any suggestion of the death of their mother. The construction which has been given to the statute of 1838, which contains similar provisions to that of art. 7, Pasch. Dig., in respect to the essential requisites to make a party in case of death before verdict, plaintiff or defendant, is thus presented in the opinion of Ardrey, Special Judge, in Gowings *v.* Loyds, Adm'r, 4 Tex., 489:

"To authorize the intervention of a third person to come into a suit and become a party thereto, there must be a proper legal ground made upon the record; and in the case of the death of one of the original parties to the suit, it must be by a suggestion of the death of that party, upon the docket. If it was the death of the plaintiff, his representative might be permitted to waive the issuance of a *scire facias* and its service, as required by statute, and enter voluntarily himself as a party; but at least it could not be done without first making suggestion of the death, as required. If it were the death of the defendant, the suit could only be prosecuted against his representative by the suggestion of his death upon the docket, and the issuance and service of the writ of *scire facias*. This would be the only legal means to make a party, unless the representative should choose to make a voluntary appearance, after the suggestion." Paschal, in his note to article 7 of his digesṭ, quotes from a case not found in the reports, as being decided Austin term, October, 1860 (Ledbetter *v.* Rice), to the effect that the record must affirmatively show either the suggestion of death upon the record, or upon the petition, to authorize the *scire facias* under that article. The same principle has been maintained by the supreme court in its application to the revival of certain causes of action which the statute provides for reviving, when it becomes necessary by the death of a party. Art. 10, Pasch. Dig., provides that

when a suit has been instituted in the name of one person for the use of another, and the person in whose name the suit has been instituted shall die before verdict, "it shall not be necessary to revive such suit in the name of the representative of such person, but such suit may be prosecuted in the same manner as though such death had not happened; but such death shall be entered upon the record," etc.  In Price v. Wiley, 19 Tex., 142, suit was brought by an agent of the owners of a promissory note, in his own name, and his agency was not disclosed in the original petition.  The nominal plaintiff died, and the real owners by amendment of the petition intervened as substituted plaintiffs, alleging that the plaintiff who brought the suit, did so as their agent, and for their benefit.  The judgment showed that the nominal plaintiff was dead, which fact was suggested for the first time in the record, in the recitals in the premises of the judgment; which also stated that L. M. Wiley & Co. make themselves parties plaintiff.  The judgment in favor of L. M. Wiley & Co. was reversed upon the ground that the right of L. M. Wiley & Co. to sue did not appear of record; that if the original petition had disclosed the fact that he sued for their use, that it would have been competent for them to have made themselves parties plaintiffs, and to have prosecuted the case to judgment.  Such, however, not appearing from the record, it was necessary to prevent the suit from abating, that the legal representative of the original plaintiff should be brought in and made a party plaintiff under the statute.

It is evident that there have been no proceedings in this case to bring before the court either the legal representatives or the heirs of Mrs. Siese, nor have either the one or the other made a voluntary appearance in the case. There is not, therefore, any valid foundation for the judgment which has been rendered, whereby to affect the separate property of the deceased defendant.  The husband was not liable as surviving husband for the separate debt

of his wife. The proviso of article 9, Pasch. Dig., distinctly says, that nothing contained in said article "shall be so construed as to make the husband liable for any debts contracted by said *feme sole* before marriage."

It has never been supposed that the rights, powers and duties of the surviving marital partner, provided for by the act of August, 1856, supplementary to an act "better defining the marital rights of parties," arts. 4646–4652, Pasch. Dig., embraced within its scope and operation any other property than that which belonged to the community interest of the husband and wife; and it will not be contended that the wife's separate interest or estate was intended to be included by the law referred to. A judgment like this, therefore, cannot affect the separate estate of the wife, nor bind it by this proceeding after the wife's death against the husband as the survivor of the marriage.

The plaintiff's case, as it is presented to us by the entire record, is one which does not show any right to recover against any one, in respect to the note of Mrs. Siese, unless it be against the administrator of her estate, or against her heirs, to the extent of the value of the property belonging to her estate which has come to their hands; and that he is not entitled to recover against her husband in the capacity of surviving husband. The record shows that no proper basis has been laid upon which he is entitled to recover against the husband in the form of judgment, as decreed by the court, nor are heirs or creditors of her separate estate bound by such a judgment. We are of the opinion that there was fundamental error in rendering the judgment, and that the proper determination of this appeal is, that the judgment should be reversed, and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.

[Opinion delivered March 8, 1881.]