B. F. YOAKUM ET AL., RECEIVERS, V. MARY I. SELPH ET AL.

No. 3423.

1. **Liability of Receiver—Causing Death.**—A receiver of a railway operating it is not within the enumeration of the statute (Rev. Stats., art. 2899), either a proprietor, owner, charterer, or hirer. For an injury resulting in death by negligence of operatives of the road under the receiver the receiver is not liable.

2. **Fundamental Error.**—The right to recover damages for causing the death, etc., is given by statute. That the law does not give the remedy sought must be taken notice of by the court, even if the point was not made at the trial or in assignments of error.

APPEAL from Harris. Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*O. T. Holt,* for appellant.

*G. W. Thorp,* for appellees.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellees, Mary I. Selph and Asa Selph, sued the appellants, B. F. Yoakum and J. S. McNamara, as receivers of the San Antonio & Aransas Pass Railway Company, in the District Court of Harris County, alleging that the deceased, M. Z. Selph, was the husband and father of the appellees, and that on

the 3d day of February, A. D. 1891, while the said M. Z. Selph was attempting to cross the San Antonio & Aransas Pass Railway track where the public road crosses the same, and in driving over said roadbed, when the front wheels of the said M. Z. Selph's vehicle or wagon had passed over the first track, they dropped into a mud hole between defendants' tracks, about three feet deep, with such force that said spring was broken, and said Selph was hurled from his driver's seat forward upon the dashboard, and his driver's seat was thrown upon him, and he was pinned fast to the dashboard. By reason aforesaid he was mortally injured in his body and legs, so that he died from the injuries so received, on the 15th day of February, 1891.

The cause was tried by a jury, and a verdict and judgment was rendered for appellees, from which this appeal is prosecuted on several assignments of error.

None of these assignments raise the question of the right of appellees to recover judgment against the appellants as receivers under our statute. But as it is a question going to the foundation of the action, and is fundamental in its nature, it necessarily arises on the face of the record without reference to its formal presentation by assignments.

It has been repeatedly said, and is well recognized, that in suits of this class no right of action at common law survived the decease of the person injured, but it abated with his death. Suits for damages for injuries resulting from the death of a person are exclusively statutory. Nelson v. Railway, 78 Texas, 624. If the statute does not give the right in this case, the judgment would be unauthorized by law.

That the right does not exist in the present case is settled in the case of Turner v. Cross and Eddy, Receivers, etc., decided at the present term of the Supreme Court (ante, p. 218). It was held, after an exhaustive discussion of the question, that a "receiver of a railway, operating it, was not within the enumeration of the statute (art. 2899), either as proprietor, owner, charterer, or hirer," and was not under that article, which alone gives the right of action, liable for damages for injuries resulting in the death of a person.

In that case the deceased was an employe; in this he was not. But under the authority of the case cited, we think the judgment should be reversed and remanded.

*Reversed and remanded.*