THE TEXAS & PACIFIC RAILWAY COMPANY V. MRS. E. H. COLLINS ET AL.

No. 3121.

1. **Fundamental Error—Nonliability of Receiver.**—Suit against Brown, receiver of the Texas & Pacific Railway Company, filed October 7, 1887, for damages for negligently causing the death of Walter Collins, husband of plaintiff, and an employe on the railway. Subsequently the railway company was made a party, and after the discharge of the receiver plaintiffs sought recovery against it, making the necessary allegations as to the appropriation by the receiver of the income to betterments. The plaintiffs recovered judgment, and on appeal, *held*, there is a fundamental error apparent in the record going to the foundation of the action. The receiver could not be held liable for injuries resulting in death; the railway company was no party to the acts of the receiver complained of. For this reason the judgment below is reversed.

2. **Cases Adhered to.**—Turner v. Eddy and Cross, 83 Texas, 218, and Railway v. Selph, 83 Texas, 607, adhered to.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

*R. S. Lovett,* for appellant.

*J. D. Thomas, W. M. Crow,* and *H. G. Robertson,* for appellees.

MARR, JUDGE, *Section A.*—The appellees, on the 7th day of October, 1887, sued John C. Brown, as the receiver of the appellant's railway, to recover damages of the receiver for the death of Walter Collins, the husband of one of the appellees and the father of the other, alleged to have been caused by the negligence of said receiver while said Collins was in the employ of said receiver. By amended petitions the appellees impleaded the appellant, and sought to hold it liable for the acts of the receiver in causing the death of said Collins, because the earnings of the receiver had been applied to the betterment of appellant's road, etc. The receiver, after the death of Collins, had been discharged in the United States Circuit Court, where the receivership had been administered. There was a verdict and judgment against the appellant alone, and it has appealed.

There is a fundamental error, apparent of record, going to the very foundation of the right of action upon the part of the plaintiffs, for which we are constrained to reverse the judgment. The plaintiffs were not entitled to recover at all unless the receiver was primarily liable for the death of Collins. The appellant was not a party to the acts or negligence of the receiver which resulted in the death of Collins. The receiver could not be held liable for injuries resulting in death under the common law, and article 2899 of the Revised Statutes has not abrogated nor changed this rule of the common law in so far as receivers of railway companies are concerned. This has been expressly so determined by the Supreme Court at the present term, in the case of Turner v. Cross and Eddy; and the Commission has lately held, also, that the error, under the decision of the Supreme Court, is fundamental in character. See Railway v. Selph, 83 Texas, 607.

We think that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 22, 1892.