HARBINSON v. COTTLE COUNTY.

(Court of Civil Appeals of Texas. Amarillo. May 4, 1912.)

1. APPEAL AND ERROR (§ 544*)—NECESSITY OF BILL OF EXCEPTIONS.

Error in sustaining a general demurrer to a petition can be reviewed on appeal without any bill of exceptions or assignment of error, where the judgment recites the ruling, the exception thereto, and the notice of appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426, 2478, 2479; Dec. Dig. § 544.*]

2. TRESPASS TO TRY TITLE (§ 32*) — PETITION—SUFFICIENCY.

A demurrer to a petition in trespass to try title to land taken by the county for a highway in condemnation proceedings, claimed to be void, or, in the alternative, if such proceedings were held valid, for damages from the taking of such land, was improperly sustained, although it was not alleged that the claim for damages had been presented to the commissioners' court for approval, since, although this would prevent the recovery of the damages, it did not affect plaintiff's right to maintain trespass to try title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

3. TRESPASS TO TRY TITLE (§ 32*)—PETITION—SUFFICIENCY.

A petition in trespass to try title, describing the land as "all of survey No. two (2), known as the Harbinson section, G., C. & S. F. Ry. Co. by certificate No. 5,068; and also all of survey in the S. N. Jones, patented to J. T. Tittle, August 29th, 1893, and described by metes and bounds as follows: Beginning at a stone, * * * containing 80 acres of land"—sufficiently describes the land to entitle plaintiff to try title to both tracts in their entirety.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

4. EMINENT DOMAIN (§ 243*)—CONCLUSIVENESS OF ADJUDICATION—DAMAGES.

Judgment in a valid condemnation proceeding is conclusive as to an owner's right to damages in a collateral action.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 627–629; Dec. Dig. § 243.*]

Appeal from District Court, Cottle County; Jos. A. P. Dickson, Judge.

Trespass to try title by Mrs. R. A. Harbinson against Cottle County. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

R. D. Brown, of Paducah, and O. T. Warlick, of Vernon, for appellant. Whatley & Hawkins, of Paducah, for appellee.

PRESLER, J. In this case, appellant sues appellee in trespass to try title to recover certain land described in her petition, and for damages. Said petition is as follows, omitting the formal parts:

"(1) That plaintiff is a resident citizen of Cottle county, Tex., and that the defendant is a political subdivision of the state of Texas, with W. E. Prescott as the presiding officer of the commissioners' court and judge of the county court of said defendant county, upon whom service of citation may be had.

"(2) That she was, on November 1, 1910, long prior thereto, and has since been, and now is, seised and possessed in fee simple of all that certain tract or parcel of land, situated in the county of Cottle and state of Texas, more particularly described as follows (plaintiff further says that she has peaceable adverse possession of said land for more than 10 years prior to the filing of this suit, using and enjoying the same): All of survey No. two (2), known as the Harbinson section, G., C. & S. F. Ry. Co. by certificate No. 5,068; and also all of survey in the S. N. Jones, patented to J. T. Tittle, August 29, 1893, and described by metes and bounds, as follows: Beginning at a stone set in the ground, same being 2,191 varas S. 407¼ varas E. of the S. W. corner of survey No. 415, Blk. H W. & N. W. Ry. Co.; thence E. 675 varas to a rock set for the N. E. cor. of this survey; thence S. 675 varas to a stone mound for the S. E. corner of this survey; thence W. 675 varas to the S. W. cor. of this survey to a stone mound; thence N. 675 varas to the place of beginning, containing 80 acres of land.

"(3) Plaintiff derives title to the said survey No. 2 by application to purchase and proof of occupancy in the name of E. J. Harbinson, deceased, husband of this plaintiff, from the state of Texas; that she derives

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No Series & Rep'r Indexes

title to the S. N. Jones survey by virtue of the patent from the state of Texas to J. T. Tittle, and by warranty deed from J. T. Tittle to E. J. Harbinson, deceased husband of this plaintiff, as aforesaid. Plaintiff further says that the original instruments of her chain of title are lost or misplaced, and cannot be found by this plaintiff after diligent search; and that secondary evidence will be offered to prove the contents of said instruments.

"(4) Plaintiff alleges that on or about the 1st day of November, A. D. 1910, defendant, by and through its agents, unlawfully entered upon said above-described land and premises, ejected her therefrom, took possession of same, or a part thereof, and continually and unlawfully withholds the possession and use thereof, to her damage in the sum of $900. Plaintiff further says that the defendant, and the public generally, under sanction of the defendant, not only are continually trespassing upon her said land and premises, but are committing waste thereon, in that the defendant unlawfully, and without sanction or license from this plaintiff, entered her place and premises and tore down and destroyed one-half mile of her fence on the east line of her said second tract of land, herein described, further destroyed one-half mile of her cross fence, and which said fences inclosed her field, left her stalk field exposed to the devastation of stock running at large, and that the cattle were deprived of the benefit of said stalk field as a winter pasture; and plaintiff say that she has since said time been unable to refence the said field for the purpose of planting her feed crop this year. Plaintiff further says that she has always used said land as a stock farm and pasture, raising feed stuff on the above-described field for feed for her cattle in the winter, by reason of which plaintiff alleges and will show that she has been damaged in the following sums, to wit: For stalk feed wasted and destroyed, $50; for the destruction of her fence, as hereinbefore set out, being one mile, $50; for the loss of her feed crop for this year, $300. Plaintiff further says that she has been put to great and immeasurable inconvenience and loss of time in looking after her stock, as her pasture and field has been thrown wide open, in the reasonable sum of $500.

"(5) Therefore plaintiff prays judgment for title and possession of her land and premises, as hereinabove described, for writ of restitution, and for her damages, as hereinabove set out, in the total sum of $900.

"(6) Plaintiff further says that she has reason to believe, and does believe, and so alleges, that defendant is claiming its right, if any, by virtue of certain attempted condemnation proceedings had in the commissioners' court, as a public road, which plaintiff alleges to be void and of no effect, for the reasons that said commissioners' court

had not acquired jurisdiction, for the reason that the jury were not sworn, no notice of the application was posted as required by law, and plaintiff here asks and prays that said orders of the commissioners' court be set aside and held for naught.

"(6a) Plaintiff further shows and alleges that the order of said commissioners' court was void on its face, and conferred no right on the officers and agents of defendant county to tear down and appropriate plaintiff's land and fence; that, if said order was of any force whatever in its reasonable intendment, it only attempted to appropriate one-half of a 40-foot road out of this plaintiff's land, but that in truth and in fact there has been taken and appropriated 41 feet of plaintiff's land (that is, a strip 41 feet wide and along the full length of plaintiff's land), without compensation or right, and for public use.

"(7) Plaintiff further prays that, in the event the court finds said condemnation proceedings valid and regular and binding on this plaintiff, she, in that event, alleges and will show to the court that she has never been paid the damage, if any, allowed her for said road, and that she has and will suffer the following damages: For four acres of land taken for said road, at $25 per acre, $100; as damages to her land adjacent for the purposes she has always seen fit to put it, which is the only practical and most valuable use to which she can put it, being stock farming, she has suffered in the reasonable sum of $1,200, in that said road will cross her place at right angles, cutting her pasture in two, and that there is no water on the south part of said pasture, and none to be had, except by the outlay of large sums of money.

"(8) Wherefore, all premises considered, plaintiff prays that citation issue in terms of law to the defendant; that she have her judgment for the title and possession of her said land and premises; that she have her writ of restitution, damages in the sum of $900, herein first alleged, and for all costs in this behalf expended. And plaintiff further prays in the alternative that, in the event the court finds such proceedings of the commissioners' court valid, she have her damages in the total sum of $1,300, as herein last set out, together with the sum of $900, making a total of $2,200, for all costs of the suit, and, in any event, that she recover such other and further relief, both general and special, that she may show herself entitled, either in law or in equity, and for all of which she shall in duty bound ever pray."

[1] The trial court sustained a general demurrer to the petition, and, appellant declining to amend, the case was dismissed at her cost, to which action of the court appellant excepted, gave notice of appeal, and duly brings the cause to this court for revision; and the only material question presented by this appeal is as to the action of the court

in sustaining the general demurrer to appellant's petition. Appellee first insists that, appellant having filed no assignment of error in the court below, the assignment here, complaining of the action of the court on said demurrer, should not be considered. In our opinion, the error complained of is fundamental, and can be raised in this court without formal bill of exception or error assigned below; the judgment of the court, as shown by the record, reciting the ruling of the court complained of, and that the appellant excepted to the same and duly gave notice of appeal to this court.

[2] It appearing that this action is primarily a suit in trespass to try title to recover certain land described in appellant's petition, as well as to recover damages because of the matters complained of, we are of the opinion that the petition is sufficient to enable appellant to be heard upon her right to recover the land sued for, and that the court erred in sustaining a general demurrer to the same. Considered as an action in trespass to try title, the petition has all of the statutory requisites of that form of action, and is good as against a general demurrer; and we do not think that the fact that the claim for damages is not alleged by the petition to have been presented to the commissioners' court for approval in any way affects appellant's rights to maintain trespass to try title to recover the land in question.

In the case of Norwood et al. v. Gonzales County, 79 Tex. 218, 14 S. W. 1057, which was a suit to recover a strip of land used by the county of Gonzales for public road, and for damages, the Supreme Court of this state held, in effect, that the title to the property of appellants was not in any manner impaired by the unauthorized condemnation proceedings, under which it appears the appellee county had possession of the land, and that appellants' expulsion therefrom must be held to be an unwarranted trespass, and that they could properly maintain suit for the recovery of its possession. Holding, however, with regard to the claim for damages, that, the same not having been presented to the county commissioners' court for allowance, the suit in that respect could not be maintained.

In the case of Bowie County v. Powell, 66 S. W. 237, the Court of Civil Appeals for the Fifth District held that Rev. St. art. 790, prohibiting suit against a county, unless the claim on which the suit is founded shall have first been presented to the commissioners' court for allowance, has no application to an action of trespass to try title against the county.

[3] We are also of the opinion that the petition in question, in so far as it is to be regarded as an action to recover land, is to be considered a suit to recover both tracts in their entirety, as described in plaintiff's petition; and that the description is sufficiently

definite to enable appellant to maintain her action therefor.

[4] In view of another trial of the case, and at the request of appellant, while not necessary to dispose of this appeal, we will state that, in our opinion, if upon the trial of the case it is found the appellee had acquired title to any part of the land sued for and in its possession under condemnation proceedings, valid and regular, the judgment had in such condemnation proceedings would be conclusive upon appellant as to her right to damage because of such condemnation, and that, as hereinbefore indicated, all that part of her petition, wherein she seeks to recover damages in any stated sum, unless the same shall have been submitted to the action of the commissioners' court for their approval, is subject to the demurrer, and a recovery therefor could not be sustained in the action as here brought; but we regard the petition as sufficient to enable appellant to maintain her action in trespass to try title, and hold that the trial court should have overruled the general demurrer as to that feature of appellant's case, and, because of the error of the court as indicated, we conclude that the cause should be reversed and remanded; and it is so ordered.