**HUBER et al. v. SMITH et al.   (No. 1180.)**

(Court of Civil Appeals of Texas.   El Paso. Feb. 24, 1921.   Rehearing Denied March 17, 1921.)

1. **Mines and minerals** ⬥78(7)—**In suit to cancel lease, petition held insufficient to permit recovery of guaranty deposit.**

In a suit to cancel oil and gas leases for failure to drill a well within the time required and to recover 25 cents an acre alleged to have been deposited to guarantee performance by the lessee, the petition stated no cause of action for the recovery of the deposit, where it contained no description of any lands and no statement as to the number of acres on which to base a recovery for 25 cents an acre, but merely alleged that defendants deposited 25 cents an acre "on the above-described lands and on the lands of the plaintiffs, which amount aggregated $2,500."

2. **Appeal and error** ⬥672—**Failure of petition to state cause of action is fundamental error.**

In a suit to cancel oil and gas leases and recover a deposit made by the lessee to guar-

antee performance of the contract, the failure of the petition to state a cause of action for the recovery of the deposit was fundamental error.

**3. Mines and minerals ⬦78(7)—In suit to cancel lease and recover deposit, pleading and proof held not to correspond.**

In a suit to cancel oil and gas leases and recover a deposit made by the lessee to guarantee performance by him where the deposit was with the First State Bank of T. and it was alleged that the contract so provided and such bank was made a party but the contract provided for deposit in a bank at M., the pleadings and proof did not correspond.

**4. Mines and minerals ⬦73—Oil and gas lease and contemporaneous contract held to be construed together.**

Oil and gas leases and a contract executed contemporaneously therewith between the same parties and with reference to the same subject-matter constituted one contract and must be construed together.

**5. Mines and minerals ⬦78(2)—Provision of oil and gas lease for extension by payment of rental held nullified by contemporaneous contract.**

Where oil and gas leases provided that, if no well was commenced within one year, the lease should terminate unless the lessee paid a specified rental, but a contemporaneous contract between the same parties provided that failure to begin a well within one year should terminate all rights and privileges granted the lessee and that the provisions of the contract should be superior to and control the provisions of the lease, the lessee could not get an extension of time by paying the rental specified in the lease.

**6. Mines and minerals ⬦78(7)—Lessors under oil and gas lease held not entitled to forfeit money without pleading and proving good title.**

Where a contract executed contemporaneously with oil and gas leases provided that the lessee should make a deposit to guarantee performance of the contract for the use and benefit of the lessors who should furnish a good and merchantable title and that in no event was any lessor to have any right to the sum deposited unless he should have a good and merchantable title to the land leased, the lessors could not recover such deposit on the lessee's default without pleading and proving that they had a good and merchantable title.

**7. Specific performance ⬦102—Suit to cancel lease and recover deposit held in nature of specific performance as to recovery of deposit.**

A suit by the lessors to cancel oil and gas leases and recover a deposit made by the lessee to guarantee performance by him was in the nature of a suit for specific performance so far as it sought judgment for the deposit as liquidated damages for the lessee's failure to drill within one year.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by J. M. Smith and others against C. A. Huber and others. From a judgment for plaintiffs, defendants appeal. Affirmed in part and reversed and remanded in part.

Dallas Scarborough, of Abilene, for appellants.

Wagstaff & Wagstaff and Ben L. Cox, all of Abilene, for appellees.

HARPER, C. J. This suit was instituted by J. M. Smith, G. B. Tittle, R. B. McRee, R. M. Beasley, W. H. Riley, G. H. Wakins, F. G. Boyd, Geo. F. West, J. C. Hamner, J. K. P. Winn, J. A. McRee, W. A. Buford, Charles Tipton, E. C. Estep, Mrs. C. E. Forster, joined by her husband, P. C. Forster, Mrs. H. E. Stedman, H. M. Stedman, W. F. Stedman, W. J. Smith, O. L. Bishop, E. Keggans, G. A. Keggans, J. H. Naylor, J. E. Bowers, Bessie Billings, Eva Caseaux, Ray Caseaux, against C. A. Huber, H. B. Lad, Ira Garrison, the First State Bank of Trent, W. G. Scott, J. R. Joyce, and O. A. Smith, to cancel certain leases of lands, a drilling contract executed contemporaneously therewith, and to recover 25 cents per acre alleged to have been placed in bank as earnest money to guarantee the faithful performance of the contract to drill within one year.

Defendants answered by general demurrer and general denial.

Tried before the court without jury. Judgment for plaintiffs against defendants, lessees, canceling the leases and for $978.25 against the First State Bank of Trent, from which an appeal has been perfected.

[1, 2] This case went to trial upon the first amended original petition. There is no description of any lands incorporated in it, nor is there any statement as to the number of acres on which to base a recovery for 25 cents per acre, unless the allegation "defendants deposited in said bank the sum of 25 cents per acre on the above-described lands and on the lands of the plaintiffs which amount aggregated $2,500," is sufficient. The original petition is not incorporated in the transcript. The petition, therefore, states no cause of action for a recovery of the forfeit money, and the general demurrer should have been sustained. Fundamental error. (The majority of the court find the petition to be sufficient as to the cancellation of leases and contract.) Hendrick v. Blount, 200 S. W. 171; Sneed v. Moodie, 24 Tex. 159; Siese v. Malsch, 54 Tex. 355.

The evidence does not correspond with the allegations.

The lease and contract in the statement of facts contains no description of any property, make no statement as to the number of acres involved, and no witness testifies to any such facts. There is an agreement, noted in the statement of facts to the effect

---

that the defendants, lessees, deposited the 25 cents an acre in the bank as a forfeit for the leases in controversy, but there is no evidence in the record of the number of acres owned by the parties for whom judgment was rendered. Dean v. Lyon, 47 Tex. 19.

[3] The suit is for money "deposited in the First State Bank of Trent," under the allegation that the contract so provided, and said bank is made party defendant. The contract provides for the money to be deposited in bank at Merkel, and in this respect the pleadings and proof do not correspond.

The appellants' second assignment charges that the judgment canceling the lease is unsupported by any evidence, because the evidence shows that the money for a renewal of the lease for one year had been paid as provided in the lease, and had been accepted by all of the plaintiffs except Smith and Beasley. The record shows that the oil and gas leases were executed May 28, 1918 (substantially in the usual form so often passed upon by the courts), and contain the following third paragraph:

"If no well be commenced on said land on or before the 28th day of May, 1919, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First State Bank at Trent, Texas, * * * the sum of 25 cents per acre which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may further be deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment (one dollar) covers not only the privileges granted to the date when said first rental is payable as aforesaid but also the lessee's option of extending that period as aforesaid and any and all rights conferred."

Upon the same date a contract was executed by the parties as follows (as applicable to the points raised):

"In consideration of the execution and delivery to the parties of the first part by the respective parties of the second part of certain oil and gas leases in and to the tracts of land described * * * parties of the first part contract: * * *

"(1) * * * Agree to begin a well in the vicinity of the land of either of the parties of the second part, for oil and gas within one year from the date of this contract, * * * etc.

"(2) In order to guarantee a faithful performance with this agreement * * * parties of the first part in consideration of the one year time allowed to begin drilling operations, agree to deposit the sum of twenty-five cents per acre for each and every acre leased * * * in the bank at Merkel, Texas, to be held, regarded and treated as agreed liquidated damages for the use and benefit of the parties of the second part to this contract, who shall furnish to the parties of the first part a good and merchantable title to said land * * *

upon failure to begin drilling within one year the bank is authorized to pay over the money, unless they fail to have a good and merchantable title to the lands leased.

"(3) It is expressly agreed and understood that a failure on the part of the parties of the first part to begin the drilling of a well within one year * * * shall terminate all the rights and privileges granted either in this contract or in the said lease referred to herein, and all interest privileges and powers granted in said lease shall revert to the respective lessors, and the provisions of this contract shall be superior to and control over the provisions enumerated in subdivision No. 3 in the form used for the lease contract."

[4] It is evident that the leases and the contract were executed contemporaneously between the same parties and in reference to the same subject-matter, and therefore are one and the same contract; therefore, must be construed together. Dunlap's Adm'r v. Wright, 11 Tex. 597, 62 Am. Dec. 506; Dicken v. Cruse, 176 S. W. 656.

[5] The lease provides for a renewal of the right to prospect for one year by the payment of 25 cents per acre on or before May 28, 1919, but this clause of the lease is interpreted by the third provision in the contract, which says that this right shall only accrue to the lessees in consideration of their beginning a well within one year. This being the only means by which they could claim the right to further occupy or control the lands, the payment of money to the bank was of no avail.

This brings us to the question of the right of plaintiffs to recover the money deposited in the first place with the bank. The appellants urge:

"That they are not entitled to recover it: First, because the money provided for in the lease contract the payment of which was to extend the time for one year in which to drill, having been paid and accepted, the plaintiffs would not be permitted to cancel the lease and contract and collect the money too."

Under these writings the appellants had only one way to continue in control of the property, and that, as said above, was to begin a well within a year and prosecute the drilling diligently. They could not get an extension of time by paying money because they had no contract to that effect.

[6] Next, they say that the plaintiffs were not entitled to recover the forfeit money because they failed to plead and prove that they had a good and merchantable title to the lands.

This is well taken. The second paragraph of the contract provides that the money was to be deposited in the bank "for the use and benefit of the parties of the second part to this contract, who shall furnish to the parties of the first part a good and merchantable title to the land and premises so leased,"

and again this language is used in the contract:

"But in no event is any party of the second part to have any right or claim to said sum so deposited unless the said party of the second part shall have. a good and merchantable title to the land leased. However, should the title to any part of the land leased fail and not as to the whole amount leased by him then the provision of this agreement is only to apply to that portion having a good title."

So it seems clear that the plaintiffs have not brought themselves within these provisions of the contract, and until they plead and prove that they had a good and merchantable title to their land they are not entitled to recover the forfeit money. Alling v. Stucken, 194 S. W. 443.

[7] The appellees urge that this not being a suit for specific performance, the case cited does not apply. We think this suit is of that nature so far as it prays for judgment for the deposit in the bank as liquidated damages for failure to drill within one year from the date of the contract.

That portion of the judgment which decrees a cancellation of the drilling contract and the leases is affirmed, and the cause is reversed and remanded for a new trial as to that portion which decrees a recovery in favor of plaintiffs, against the First State Bank of Trent, for $978.25 forfeit money.

Affirmed in part and remanded in part.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes