## RODDY v. BORCHELT et al. (No. 7541.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1926. Rehearing Denied April 28, 1926.)

1. Appeal and error ⊂⇒759.

In view of Texas court rules 23, 30, and 32, assignments of error not copied into brief will not be considered except where fundamental.

2. Appeal and error ⊂⇒719(4).

On appeal from dismissal on sustaining demurrer to petition, court will search judgment for fundamental error, whether raised by assignment or not.

3. Limitation of actions ⊂⇒180(3).

Original petition, filed in August, 1925, as amended, to recover for price of cabbage sold in April, 1920, held not to state good cause of action, as against demurrer based on two-year statute of limitations.

Appeal from District Court, Hidalgo County; L. E. Leslie, Judge.

Suit by H. H. Roddy against G. C. Borchelt and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

R. M. Bounds, of McAllen, for appellant.
Graham & Graham, of Brownsville, for appellees.

COBBS, J. Appellant brought this suit by filing his original petition in the Ninety-Third district court of Hidalgo county, Tex., on the 15th day of August, 1925. On September 7, 1925, appellees filed their original answer, consisting of a general demurrer and a general denial. The case was tried on appellant's amended petition, filed on October 23, 1925, and on appellees' first amended original answer and their first supplemental answer.

In appellant's said amended petition, he seeks to recover judgment against appellees in their individual capacities, jointly and severally, for the sum of $1,067.15, with 6 per cent. interest per annum, on the several items making up said total, from the date of each item. The items, as alleged, arose from appellant having sold to the Mercedes Produce Company, a corporation, certain lots of cabbage during the month of April, 1920, on the verbal promise of said Mercedes Produce Company to pay for each lot of said cabbage at the price set out in said pleading, and on the several dates in April, 1920, set out in said pleading. Allegation is also made that, soon after April, 1920, and after the debt sued on was due and payable, the Mercedes Produce Company, acting through its general manager and secretary, again verbally promised appellant that, if he would forbear suing on the claim, it would be paid out of claims due the Mercedes Produce Company as soon as they were collected, and that appellant consented to said arrangement. Allegation is also made that soon thereafter said Mercedes Produce Company was dissolved as a corporation, and the appellees, who were the president and secretary of said corporation, and who were its principal stockholders, and its last board of directors, were appointed liquidating trustees to wind up the affairs of said corporation. Allegation is also made that, at the time said corporation dissolved, it had debts due it in an amount more than sufficient to pay appellant's claim, but no allegation is made as to the amount of debts owned by the corporation when it dissolved, or their classes, but allegation is made that debts due said

corporation when it dissolved, in an amount more than appellant's debt, had been collected by appellees.

Appellees, in their first amended original answer and in their first supplemental answer, pleaded, among other things, a general demurrer and a general denial, and then pleaded the statutes of fraud, as against appellant's recovery, on the alleged oral promise of appellees to pay the debt of the Mercedes Produce Company, sued on herein; also pleaded a want of consideration for such promise; and then pleaded the statutes of two and four years' limitations, by way of special exceptions to appellant's causes of action, as set out in his pleading, both as to the original promise of the Mercedes Produce Company, and as to any other promise alleged in said pleading, on which recovery was sought against these appellees.

On presentation of, and argument on, appellees' said general demurrer and special exceptions, based on the statute of frauds and the two and four years' statutes of limitations, the trial court held in legal effect that appellant's pleading as then drafted showed that appellant's cause of action sued on, as against appellees, was barred by the two years' statute of limitation; and, appellant having elected not to amend his pleading, but to stand on same as then drafted, and having in open court so notified the trial court, the trial court sustained appellees' special exceptions and general demurrer based on the two years' statute of limitations and dismissed this cause, to which rulings appellant in open court excepted and gave notice of an appeal to this court.

[1, 2] The transcript contains assignments of error, but they have not all been incorporated in appellant's brief; only such as question the ruling of the court, which we do consider and would consider without an assignment. We are asked for that reason to affirm the judgment. Rule 23 of Texas Court Rules provides:

"Said record should contain an assignment of errors as required by the statute. If it does not, the court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court."

See, also, rule 30.
And rule 32 provides:

"The brief shall contain verbatim copies of such of the assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal but their original numbering may be disregarded. They shall be set out at the back of the brief, but if desired they may immediately follow the statement of the case."

When the brief fails to comply with those rules and does not copy the assignments, we are not at liberty to consider the same for errors, except those which are fundamental. When the court, as here, sustains a demurrer and dismisses the case, we are required, without assignment, to search the judgment for a fundamental error, whether raised by any assignment or not. That we have carefully done here.

[3] We think the judgment of the trial court was correct. We do not think the petition stated a good cause of action.

The judgment is affirmed.