## GALBRAITH–FOXWORTH LUMBER CO. v. MOORE et al. (No. 11766.)

Court of Civil Appeals of Texas. Fort Worth. April 8, 1927.

1. **Appeal and error ⬤⟿759—Brief containing propositions, but no assignments of error, will be disregarded (Court of Civil Appeals rule 32).**

   Where brief contains propositions, but no assignments of error, as required by rule 32 promulgated for guidance of Courts of Civil Appeals, it will be disregarded.

2. **Appeal and error ⬤⟿544(2)—There being no statement of facts in record, court will not reverse judgment dismissing party from suit, unless averments in motion to dismiss were insufficient, if proved, to authorize judgment.**

   Where there is no statement of facts in record, Court of Civil Appeals will not reverse judgment dismissing party from suit, unless averments in motion on which order of dismissal was sought and judgment predicated were wholly insufficient in law to authorize judgment on proof of facts therein alleged.

Error from Clay County Court; J. P. Williams, Judge.

Suit by the Galbraith-Foxworth Lumber Company against R. S. Moore and others. Judgment was entered dismissing defendant named from the suit, and plaintiff brings error. Writ of error dismissed.

J. S. Dickey, of Wichita Falls, for plaintiff in error.

Taylor, Muse & Taylor, of Wichita Falls, for defendants in error.

CONNER, C. J. Plaintiff in error instituted suit in the county court on February 16, 1926, for a balance of $500 due on a note alleged to have been assigned to it, against the makers, J. C. and W. H. Kerbow, and against R. S. Moore, the original payee, as indorser. The note was dated March 15, 1921, and matured on March 15, 1922. On the 4th day of June, 1926, the defendant in error R. S. Moore filed a motion to abate and dismiss the suit as to him, for reasons set forth in his verified motion, but which we think it unnecessary to here detail. As appears from the recitation in the judgment, the motion was heard on June 28, 1926, and the court, "having heard said motion read, the testimony thereupon, and the argument of counsel," was of the opinion that the motion was well taken, and judgment was accordingly entered, dismissing Moore from the suit, together with his costs. From the order or judgment so entered, the plaintiff in error has prosecuted the present proceeding.

[1] We are of opinion that the writ of error must be dismissed. Plaintiff in error, as a basis for a reversal of the judgment, presented a brief containing five several propositions, but no assignments, of error, as required by rule 32 promulgated for the guidance of Courts of Civil Appeals. A brief without such assignments will be disregarded. Gambold v. Ry. Co. (Tex. Civ. App.) 40 S. W. 834; Poland v. Porter, 44 Tex. Civ. App. 334, 98 S. W. 215; Watson v. Patrick (Tex. Civ. App.) 174 S. W. 632. It is apparent that, in the absence of assignments in the brief, we cannot determine whether the propositions presented are germane to the assignments, as required under rule 30. The brief in the present instance does not even point to the pages of the record containing assignments which were filed in the court below, but, if it had done so, as it has been determined many times, the court is not required to search the record and consider all assignments, in determining whether or not a given proposition is germane to one or more assignments that may be found in the record.

We will further observe that nothing in the record indicates that the case was disposed of below by a final judgment. So far as the record discloses, the suit is still pending in favor of plaintiff against the makers of the note, and apparently at least the motion of defendant in error was in the nature of a plea in abatement, and the order of dismissal a mere interlocutory order, from which no appeal is granted—a question, however, which we do not deem it necessary to determine.

[2] It may not be amiss to state further that the judgment recites that the court heard and considered evidence submitted upon the hearing of the motion, but there is no statement of facts in the record, and hence in no event would we feel justified in reversing the order, unless the averments in the motion upon which the order of dismissal was sought and the judgment predicated was wholly insufficient in law to authorize the judgment, upon proof of the facts therein alleged, and no assignment of error or proposition is contained in plaintiff in error's brief, presented upon a contention that the allegations of the motion are subject to a general demurrer.

We conclude, for the reasons stated, that the writ of error must be dismissed; and it is so ordered.