**LUMBERMEN'S RECIPROCAL ASS'N v. RYAN et al. (No. 1616.)**

Court of Civil Appeals of Texas. Beaumont. Nov. 29, 1927.

Rehearing Denied Dec. 7, 1927.

1. **Appeal and error** ☞719(1)—**Only matters presenting fundamental error can be considered, in absence of assignments of error (Court of Civil Appeals rule 32).**

In absence of assignments of error in appellant's brief, under rule 32 of Court of Civil Appeals, only such propositions can be considered as are thought to present or suggest fundamental error.

2. **Master and servant** ☞385(1)—**Employee's right to compensation under Compensation Act is purely statutory (Workmen's Compensation Act).**

The right of an employee to recover compensation under the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) is purely and exclusively statutory.

3. **Master and servant** ☞418(5)—**Employee's right of recovery under Compensation Act held fundamental question, reviewable without assignments of error (Workmen's Compensation Act).**

Question whether employee seeking compensation for total and permanent injury has right to recover under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) goes to very foundation of his right of action, and is fundamental in its nature, and hence on appeal from award of compensation arises on face of record without reference to its formal presentation by assignments of error.

4. **Appeal and error** ☞719(4)—**Whether petition is subject to general demurrer presents fundamental error reviewable without assignments of error.**

Whether a petition is subject to general demurrer is question of fundamental error, and can be reviewed without an assignment of error.

5. **Master and servant** ☞385(11)—**Total and permanent injury to employee held compensable on November 26, 1925 (Rev. St. 1925, art. 8306, § 10).**

Notwithstanding omission of Complete Tex. St. 1920, art. 5246—20, from Rev. St. 1925, Rev. St. 1925, art. 8306, § 10, authorized compensation for total and permanent incapacity of employee, and hence, on November 26, 1925, a permanent and total injury to an employee was compensable.

6. **Appeal and error** ☞759—**Assignments of error, not brought forward in brief, should be considered waived.**

Appellant's assignments of error, not brought forward in brief, should be considered as waived.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Action by the Lumbermen's Reciprocal Association against L. B. Ryan and others to set aside an award of the Industrial Accident Board. From a judgment awarding compensation, plaintiff appeals. Affirmed.

Fairchild & Redditt, of Lufkin, for appellant.

Collins & Collins and C. W. Fenley, all of Lufkin, for appellees.

O'QUINN, J. This is a suit by appellant to set aside an award of the Industrial Accident Board in favor of appellee Ryan, finding that he was totally and permanently incapacitated to perform labor because of injuries received in the course of his employment, and awarding compensation. Appellees answered and by cross-action set out the necessary allegations to recover under the Compensation Act (Rev. St. 1925, art. 8306 et seq.), and prayed for compensation as for total and permanent incapacity, and that same be paid in a lump sum. The case was tried to the court without a jury and judgment rendered for appellees based upon a finding by the court that appellee Ryan, on November 26, 1925, was injured in the course of his employment, by reason of which injury he was totally and permanently incapacitated to perform labor, and granting compensation at the rate of $11.28 per week for 400 weeks, and that said compensation be paid in a lump sum, which, after allowing a discount of 6 per cent. on the unmatured payments and the amount of $290.70 which had previously been paid, amounted to the sum of $3,632.54. From this judgment appellant has appealed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Appellant presents three propositions or points upon which it relies for a reversal of the judgment. The first and second are to the effect that, at the date of the injury, November 26, 1925, there was no provision in the Workmen's Compensation Act providing for compensation for injuries which were total and permanent, and therefore the court erred in overruling appellant's general demurrer to appellee's petition. The third complains that the evidence was not sufficient to sustain the court's finding that appellee Ryan was totally and permanently incapacitated to perform labor. These propositions are asserted as based upon certain assignments of error, but there are no assignments of error in appellant's brief, so that only such of the propositions can be considered as are thought to present or suggest fundamental error. Rule 32, Courts of Civil Appeals; Lumber Co. v. Moore (Tex. Civ. App.) 294 S. W. 605; Dunn v. Lamar County Levee Improvement District No. 1 (Tex. Civ. App.) 293 S. W. 284; Roddy v. Borchelt (Tex. Civ. App.) 283 S. W. 315; Bray v. City of Corsicana (Tex. Civ. App.) 280 S. W. 609; Scaling v. Bellevue Ind. School District (Tex. Civ. App.) 285 S. W. 678.

[2-4] It is believed that appellant's first and second propositions present fundamental error. Appellee's petition in cross-action alleged that in the course of his employment he received an injury resulting in his total and permanent incapacity to perform labor, and prayed for compensation as under the Compensation Act. Appellant demurred to appellee's cause of action, which demurrer was by the court overruled, which ruling is shown in the record. The right of appellee to recover in the manner sought is one exclusively statutory. Appellant contends that at the date of the injury, November 26, 1925, there was no statute giving appellee the right to recover under the Workmen's Compensation Act for total and permanent incapacity, that the law authorizing compensation for total and permanent incapacity (article 5246—20, Vernon's Texas Complete Statutes 1920) was repealed by the Acts of the Thirty-Ninth Legislature in adopting the new Revised Civil Statutes of 1925, by omitting said article 5246—20 therefrom, and that from that date up to and until February 12, 1927, when said omitted statute was re-enacted (Acts 1927, c. 28), there was no provision in the Workmen's Compensation Law authorizing compensation in cases of total and permanent incapacity. The right to recover under the Workmen's Compensation Act being purely and exclusively statutory, if there was no law at the date of the injury authorizing appellee to recover for total and permanent incapacity to perform labor, the trial court was without authority to render judgment for appellee, and appellant's general demurrer should have been sustained. This question goes to the very foundation of appellee's right of action, and is fundamental in its nature, and therefore arises upon the face of the record, without reference to its formal presentation by assignments of error. Yoakum v. Selph, 83 Tex. 607, 19 S. W. 145; Railway Co. v. Collins, 84 Tex. 121, 19 S. W. 365. Furthermore, whether a petition is subject to a general demurrer is a question of fundamental error, and can be reviewed without an assignment of error. Huber v. Smith (Tex. Civ. App.) 228 S. W. 339; General Bonding & Casualty Co. v. McCurdy (Tex. Civ. App.) 183 S. W. 796 (writ refused); Harbinson v. Cottle County (Tex. Civ. App.) 147 S. W. 719.

[5] Appellant's contention that, at the date of the injury, November 26, 1925, there was no provision in the Workmen's Compensation Act authorizing compensation for total and permanent incapacity to perform labor resulting from injury received by an employee in the course of his employment, cannot be sustained. It is true that article 5246—20, referred to by appellant, was omitted from the Revised Civil Statutes of 1925, in the revision by the Thirty-Ninth Legislature. However, that statute did not authorize recovery of compensation for total and permanent incapacity to perform labor, but merely enumerated certain injuries which, when shown, it provided should be conclusively held to constitute total and permanent incapacity, without further proof on the part of the injured party—was a statute regulating the proof of total and permanent incapacity in certain cases. In all other cases than those enumerated in said article, the burden was upon the claimant to show total and permanent incapacity. Article 8306, § 10, Revised Civil Statutes 1925 (Acts of 1917, as amended by the Acts of 1923), which was the law (article 5246—18) at the date of the injury, and still is, is the provision of the Workmen's Compensation Act authorizing compensation for total and permanent incapacity. It reads:

"Sec. 10. While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00, and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

So it is seen that appellant's contention that at the date of the injury there was no law authorizing compensation for total and permanent incapacity is wrong, and the court did not err in overruling appellant's general demurrer, nor in rendering judgment for appellee.

[6] The assignments of error upon which appellant's third proposition is based, not having been brought forward in the brief, should be considered as waived. However, we have examined the record and find that it sufficiently supports the court's judgment that total and permanent incapacity existed.

No error being shown, the judgment should be in all things affirmed, and it is so ordered. Affirmed.

### On Motion for Rehearing.

At a former day of this term, we affirmed a judgment for appellees herein. Appellant has filed a motion for rehearing, and also a motion for permission to attach its assignments of error to its brief, they having been omitted therefrom. In its motion for permission to attach its assignments of error to its brief, appellant says that the omission of the assignments was inadvertent, and that its first knowledge that said assignments were not in its brief was when it received a copy of the court's opinion wherein their omission from the brief was stated. Counsel in appellant's said motion also states that appellees make no objection but consent to the attachment of the assignments of error to appellant's brief, and that same may be considered. We have granted the motion for the attachment of the assignments of error to appellant's brief only upon the statement of appellant's counsel that appellees do not object, to, but consent that said assignments may be so attached and considered.

As we said in our original opinion, appellant presents but three propositions, and, while there were then no assignments of error in the brief, we considered the first two as presenting fundamental error, and overruled them. We adhere to our holding on the questions discussed. Appellant's third proposition complained in effect that the evidence was insufficient to support the court's finding of total permanent incapacity. In our original opinion we said that, though there was no assignment in the brief presenting that question, still we had examined the record and found that it sufficiently supported the trial court's judgment that total and permanent incapacity existed. In the light of the assignment now before us, we have again carefully examined and considered the record, and hold that the assignment should be overruled; the judgment is abundantly supported.

The motion for rehearing is in all things overruled.