## NATKIN ENGINEERING CO. v. ÆTNA CASUALTY & SURETY CO. (No. 3741.)

Court of Civil Appeals of Texas. Texarkana. Dec. 3, 1929.

Rehearing Denied Dec. 12, 1929.

Winfrey & Lane, of Dallas, for appellant.

Harry P. Lawther and Wm. M. Cramer, both of Dallas, for appellee.

WILLSON, C. J. (after stating the case as above). ■ None of appellant's assignments of error are copied in their brief. For that reason this court (in conformity to a ruling of the Supreme Court) "should [quoting] confine its consideration of the case to those fundamental errors apparent on the face of the

record." Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846; and see Lumber Co. v. Moore (Tex. Civ. App.) 294 S. W. 605; Shaw v. Oil Co. (Tex. Civ. App.) 10 S.W.(2d) 144; and Lumbermen's Reciprocal Ass'n v. Ryan (Tex. Civ. App.) 299 S. W. 701. As appellant has not pointed out and we have not found such an error in the record, we cannot do otherwise than affirm the judgment.

### On Motions of Appellant to Amend Brief and for a Rehearing.

The motion of appellant to amend its brief (by including in it assignments of error filed in the court below) is overruled, as is also its motion for a rehearing. But we have considered the contention presented by the proposition in said brief, based on the second of said assignments as it is set out in the transcript, and think it should not be sustained. ■ We do not agree that the phrase "who may establish a lien," used in the bond, meant a person *entitled* to establish a lien and evidenced an intention of the parties to protect with the bond "parties who (quoting from said brief) under the laws of Texas were able to or were permitted to or were at liberty to establish a lien on the property in question." On the contrary, we think the phrase quoted, as used in the bond, evidenced an intention of the parties that the protection the bond was to afford should extend only to persons, corporations, etc., who established liens in the way the law provided on the building the contractor had undertaken to construct, and not to persons, corporations, etc., who had not established such liens but had merely become entitled to establish same.

Texas Glass & Paint Co. v. Crowdus, 108 Tex. 346, 193 S. W. 1072, cited by appellant, is not like this case, and we do not regard that case, nor Bullard v. Norton, 107 Tex. 571, 182 S. W. 668, 670, on the authority of which it was decided, as furnishing support for its contention. In those cases a condition of the bond the court construed was that the contractor should "duly and promptly [quoting] pay and discharge all indebtedness that may be incurred by the said contractor in carrying out the said contract and complete the same [the church building] free of all mechanic's liens." The ground upon which the court held that creditors in those cases who had not established, but had a right to establish a lien, were entitled to look to the bond, is shown by a quotation as follows from the opinion of Judge Yantis in the Bullard-Norton Case: "We construe this [the condition of the bond set out above] to mean that the bond undertakes to secure the payment and discharge of all indebtedness incurred by the contractor in carrying out the contract whether in fact any lien should actually attach to the church property, and this provision, when read in connection with the portion of said bond that is made for the use and benefit of all persons who may become entitled to liens under the said contract, clearly indicates that the bond was given to secure all of the indebtedness incurred by the contractor in the construction of said building, even though he had not done the things necessary to give actual effect to fastening the lien. We think that under the bond the sureties became liable for all the debts incurred by the contractor in the construction of the building." There is no such language, nor any at all like it, in either the bond or contract in the instant case as that in the bonds Judge Yantis construed in the Crowdus and Norton Cases. Giving the words in the phrase "who may establish a lien," used in the bond in question here, the meaning ordinarily attributed to them, we think there is no escaping the conclusion that the parties meant by their use (unaffected, as they were, by words suggesting a contrary meaning) that only creditors of the contractor who established a lien could look to the bond as security for the payment of indebtedness of the contractor to them for labor or material furnished him.