**MASON v. GANTZ et al. (No. 1719.)**

(Court of Civil Appeals of Texas. Amarillo. Dec. 1, 1920.)

**1. Appeal and error �kö═759—Assignments of error not copied in brief waived.**

In view of Court of Civil Appeals Rule No. 29 (142 S. W. XIII), assignments of error not copied in the brief are considered waived.

**2. Estoppel �kö═98(1)—Trustee's sale purchaser held not estopped from asserting claim by concealment of rights as between other parties.**

In action involving ownership of land as between plaintiff, who claimed to have purchased land in good faith at a trustee's sale, and defendant, who alleged a conspiracy between plaintiff and a defendant's partner who had agreed to purchase land to be held by the copartnership, the fact that partner did not reveal to defendant that the land had been sold to plaintiff did not tend to estop plaintiff from asserting his claim.

**3. Appeal and error ⊦kö═1040(11) — Failure to sustain exception to immaterial allegation harmless.**

Failure to sustain exceptions to an immaterial allegation *held* harmless.

**4. Conspiracy ⊦kö═19—Agreement between partners admissible in action involving conspiracy between partner and third person.**

In action involving the question of ownership of land as between plaintiff, who claimed to have purchased land at a trustee's sale, and defendant, who claimed that his partner, who had agreed to purchase the land at such sale for the copartnership, had conspired with plaintiff to deprive defendant of the land, an agreement between such partner and defendant, entered into subsequently to the trustee's sale, as to disposition of proceeds of crops grown on the land and as to proceeds of sale of land in the event of its sale by such copartnership, *held* admissible.

**5. Appeal and error ⊦kö═722(1) — Assignment presenting same question as corresponding ground in motion for new trial considered.**

An assignment of error which is not a copy of the corresponding ground set out in the motion for new trial, but is a reconstruction thereof and presents practically the same question, will be considered.

**6. Judgment ⊦kö═199(1)—No judgment notwithstanding verdict.**

Where a verdict is returned, the trial court cannot render judgment contrary to the verdict.

**7. Trial ⊦kö═350(3)—Whether crop had been severed or had matured on date of trustee's foreclosure sale held material issue in action involving ownership of crop.**

In action involving ownership of wheat crop on land as between plaintiff claiming as trustee's sale purchaser, and defendant claiming to have been defrauded by conspiracy between his partner who had agreed to purchase the land at such sale, and the plaintiff, whether at time of the sale the wheat crop had been severed by mortgage or conveyance, or by harvesting, or had matured on such date, *held* a material issue.

**8. Trial ⊦kö═350(3) — Special issue presenting mixed question of law and fact as to ownership of crop should not have been submitted to jury.**

In action involving the issue of the ownership of crop on land claimed by plaintiff as trustee's foreclosure sale purchaser and claimed by defendant by reason of alleged conspiracy between his partner who had agreed to purchase the land at such sale, and plaintiff, the special issue of the ownership of the wheat crop presented a mixed question of law and fact which should not have been presented to the jury.

Appeal from Gray County Court; T. M. Wolfe, Judge.

Action by C. A. Mason against J. G. Gantz and others. Judgment that plaintiff take nothing, and he appeals. Reversed and remanded.

I. E. Duncan, of Pampa, for appellant.

Chas. C. Cook, of Pampa, for appellee Gantz.

Sanders & Jennings, of Canadian, for appellee North Texas Grain Co.

Coffee & Holmes, of Miami, for appellees Bednorz and First State Bank of White Deer.

HALL, J. Appellant Mason sued appellee Gantz in the county court of Gray county, joining with him the North Texas Grain Company, Farmers' Mill & Elevator Company, First State Bank of White Deer, and Joe Bednorz, alleging in substance that on or about November 1, 1919, he was the owner of and in possession of the wheat on 100 acres of land in Carson county; that on said date the defendants conspired, confederated, and planned among themselves to take from him without his consent, said wheat then in the shock on said premises, and did conspire and arrange with Joe Bednorz to thresh said wheat; that the said Bednorz, with knowledge of the fact that plaintiff was the owner thereof, entered upon said premises and commenced to thresh said wheat, and so arranged his separator that it would not correctly weigh the wheat; that this was done for the purpose of defrauding plaintiff and preventing him from ascertaining how much wheat was threshed upon said premises.

Plaintiff alleges that about 780 bushels of wheat had been threshed and carried away by defendant Gantz or under his directions, 300 bushels being sold to the defendant North Texas Grain Company, and, although plaintiff notified said company that the wheat was his, yet said company and the

First State Bank of White Deer, having entered into said conspiracy to defraud plaintiff, disregarded plaintiff's rights, and said company paid upon the order of Gantz to said bank the price of said wheat; that the said Gantz hauled about 300 bushels of said wheat to the defendant Farmers' Mill & Elevator Company, selling the same in the name of the defendant Joe Bednorz, and, although said mill and elevator company had notice that the wheat belonged to plaintiff, it has refused to pay the proceeds thereof to plaintiff; that the said Gantz hauled 180 bushels of said wheat to his home in Gray county, Tex., and mixed and mingled same with other wheat which he owned and had stored at that place—all of which was later sold and the proceeds paid to the defendant bank. Plaintiff alleges that the price of the wheat was $1.75 per bushel at the time and place of its conversion; wherefore he had been damaged in the sum of $975.

Defendant Gantz answered by general demurrer, special exception, and general denial. He specially denies that plaintiff Mason owned any of the wheat upon the premises described in his petition; denies that he entered into any conspiracy with his co-defendants to defraud plaintiff, and further denies that he at any time had possession of any wheat belonging to plaintiff, or that he is indebted to him in any sum. Further alleging, he says that prior to the 20th day of January, 1919, he, with Henry Schafer, were engaged as partners in the general business of stock farming, owning certain lands in Gray and Carson counties, and operating various farms jointly for their mutual benefit; that prior to said time they purchased for the firm the premises described in plaintiff's petition, making a small cash payment and, as further consideration, assuming certain indebtedness then against the premises, and for the balance of the purchase money executed their joint notes, which retained a vendor's lien upon the premises; that prior to the 20th day of January, 1919, the holder of said notes instituted foreclosure proceedings in order to collect the amount due; that said land was advertised for sale to satisfy the amount of said notes, when the said Schafer represented to defendant Gantz that he would attend the foreclosure sale and buy the land in for their firm; that defendant relied upon the representations and honesty of his said partner, Schafer, and did not attend said sale; that said Schafer attended the sale and bought the land and had the deed made to C. A. Mason, the plaintiff in this suit; that on said 20th day of January, 1919, this defendant and Schafer entered into a written contract, whereby the said Schafer agreed that he was liable for one half of the notes above mentioned, the defendant being liable for the other half, and stipulated that said notes were to be paid out of the crops raised on the place, it be-

ing understood that when the said Schafer and Gantz sold the place the proceeds were to be equally divided after all the indebtedness against it had been satisfied; that neither on that day nor at any subsequent date did the said Schafer reveal to this defendant that the land had been purchased and conveyed to plaintiff; that plaintiff has no claim or interest in the suit whatever; that Schafer paid the consideration for the land under the foreclosure sale and had the same conveyed by the trustee to the plaintiff for the sole and express purpose of defrauding defendant; that, during the year 1919, neither the said plaintiff nor the said Schafer informed defendant that they claimed or asserted any right, title, or interest whatever in the crop then growing upon the premises; that, under and by virtue of the agreement with his partner, this defendant planted a portion of said land in wheat, and alleges that he is the sole owner of all the wheat grown upon said land.

The North Texas Grain Company answered by general and special exceptions, and general denial.

The Farmers' Mill & Elevator Company answered by general exception, general denial, and alleged specially that it purchased wheat from defendant Gantz amounting to the sum of $503.15; that it still has the proceeds in its possession and offers to pay said sum to whomsoever the court may decide is entitled to the same.

The First State Bank of White Deer answered by general demurrer and general denial, and specially that on the 23d day of May, 1919, the defendant Gantz executed and delivered to said bank his promissory note in the sum of $555.90, due on the 23d day of July, 1919, bearing 10 per cent. interest; that said money was advanced to the said Gantz for the purpose of enabling him to plant and harvest the wheat in controversy; that for the purpose of securing said note the said Gantz, on the 23d day of July, 1919, executed and delivered to the said bank a chattel mortgage, conveying the wheat described in plaintiff's petition. The bank further alleged that it had received from the sale of the wheat to the North Texas Grain Company the sum of $382.95, which it is now holding to be applied as a credit on the above-described note. The prayer is for judgment for the amount of the note, foreclosure of the lien, and that plaintiff take nothing.

Defendant Bednorz answered by general exception, general demurrer, and general denial. Specially answering, he alleges that defendant Gantz contracted with him to thresh the wheat in controversy, agreeing to pay him the sum of $100 per day for his threshing outfit, the said Gantz to furnish labor, fuel, and "chuck"; that, in accordance with said agreement, he did thresh the wheat at the end of three days; that the said

Gantz did not comply with his contract, and this defendant was required to furnish all labor, fuel, and provisions at his own expense, in the sum of $312.70; that for the three days' threshing he is entitled to the sum of $300, aggregating $612.70, which is due him for threshing; that he was not advised that any one except Gantz owned any interest in the crop; that no part of his said debt has been paid. He prays for judgment for the full amount, with interest and costs.

Plaintiff filed his supplemental petition, containing a general and several special exceptions, a general denial of the allegations contained in the answers of the various defendants, and specially denies that he ever, at any time, conspired with Schafer or any one else to defraud the defendant Gantz; that he bought the land in question in good faith at the trustee's sale, paying therefor a legal and sufficient consideration; that at the time of the foreclosure sale, November 5, 1918, the wheat was a growing crop and had not been severed from the soil and was part of the inducement for his purchase of the land. He further filed a separate supplemental petition, in reply to the answers of the several defendants, the substance of which it is unnecessary to state here.

The case was submitted to a jury, upon special issues; the first being:

"Who owns the wheat which was raised on the Wright land of 240 acres, situated in Carson county, in the year 1919?"

The jury answered, "J. G. Gantz." The charge of the court instructs the jury that if, in answer to the first question, they say that Gantz is the owner, they should not answer the other questions. Upon the answer to this interrogatory judgment was rendered that plaintiff take nothing.

[1-3] The appellant's brief violates several fundamental rules of briefing. Court of Civil Appeals Rule No. 29 (142 S. W. xiii) provides that the assignments of error as presented in the brief shall be numbered from the first to the last in their consecutive order. The first assignment of error is not copied in appellant's brief, but we find two propositions set forth, purporting to be under this assignment. Assignments of error not copied in the brief are considered waived. The next assignment is numbered fifth, then the eighth and thirteenth, followed by two different assignments, both numbered twelfth. Then the fourteenth and fifteenth. No reference is made under the assignments showing that they are a part of a motion for rehearing, nor is there any reference indicating where they may be found in the record. The fifth assignment complains of the action of the court in overruling special exception No. 4, urged by plaintiff to defendant's answer. The exception is not copied in the brief, nor is the substance of it given. The allegation excepted to is:

"That on or about said 20th day of January and subsequent to that time, and on the date of the execution of said agreement, the said Schafer did not reveal to the defendant Gantz that said land had been sold and deed made to Mason, notwithstanding the fact that his said partner, Schafer, well knew that deed to said land had been made to said C. A. Mason."

This allegation seems to be an immaterial one, since Schafer had not been made a party to the suit, and the fact did not tend to estop Mason from asserting his claim. While the exception should have been sustained, the error is harmless.

[4] The eighth assignment of error is predicated upon the action of the court in permitting the written instrument, signed by Schafer, the substance of which is above given, to be introduced in evidence. The bill of exception shows that plaintiff objected to the introduction of this instrument, upon the ground that it was immaterial and irrelevant, was the admission of a former owner of the land, and could not be considered to defeat the title of his grantee, and that it was a conclusion of the said Schafer. The defendant Gantz having alleged a conspiracy between Schafer and Mason to defraud him, and having further alleged that Mason had full knowledge of his rights in the land and his claim upon the wheat, we think this testimony was admissible.

[5, 6] The assignment numbered 13, as it appears in the brief, is not a copy of the thirteenth ground set out in the motion for new trial. It seems to be rather a reconstruction of the thirteenth ground; but, as it presents practically the same question as the ground numbered 13 in the motion for new trial, we will consider it. It is based upon the court's refusal to grant appellant's motion to render judgment non obstante veredicto. Where a verdict is returned, the trial court cannot render judgment contrary to the verdict. Frith v. Wright, 173 S. W. 453; Fant v. Sullivan, 152 S. W. 515.

[7] Appellant complains by one of the assignments, numbered 12 in his brief, that the court erred in refusing to submit his special issue No. 2, as follows:

"Had this wheat crop on November 5, 1918, or prior thereto, been severed by mortgage by the owners thereof, the said Schafer or Gantz, to any one, or by conveyance of same, or by harvesting and cutting same from the land, or were said crops matured on said above date?"

This is a material issue in the case, and we think should have been given.

[8] The second assignment, numbered 12, we find to be a copy of the eleventh ground of the motion for rehearing, and under it appellant insists that the court erred in submitting special issue No. 1, as follows:

"Who owns the wheat which was raised on the Wright place of 240 acres, situated in Carson county, Tex., in the year 1919?"

We sustain this assignment. The issue of the ownership of the wheat in this case presents a mixed question of law and fact, and issues of this kind should not be presented to the jury. Watson v. Patrick, 174 S. W. 632.

The fourteenth and fifteenth assignments are too general to be considered.

Because of the errors pointed out, the judgment is reversed and the cause remanded.