### RENOIS et al. v. GRIFFITH et al.
(No. 8530.)

(Court of Civil Appeals of Texas. Dallas.
April 30, 1921. Rehearing Denied
May 28, 1921.)

1. Judgment ⬦⟶306, 297.—In a proceeding to correct ministerial error, the defense of mere delay cannot be invoked.

The court may, at any time after a judgment is entered, correct a ministerial error as to description of land, first giving notice to the parties in interest, and in the absence of intervention of rights of innocent parties, who are not parties to the suit, the defense of delay cannot be invoked.

2. Judgment ⬦⟶317—Right to have ministerial error in judgment corrected is not a personal one, limited to parties to original suit.

The fact that petitioners, interested in land, were not parties to the original suit, in which the decree was corrected for ministerial error in description of land, is immaterial, since the right to have the error in entry of the judgment corrected is not personal.

3. Judgment ⬦⟶323—On motion to correct ministerial error in judgment, interveners, adopting original petitioners' motion, need not notify nonresident parties.

In a proceeding to correct a ministerial error in a judgment in describing land, that parties were permitted to intervene, without notice of intervention being given nonresident defendants, cited to answer the original petition, is without merit, where the interveners merely adopted the allegation of the original motion already filed, so that no one could have been or was injured.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Motion by Isaac Griffith and others to reform a judgment by correcting clerical errors in relation to tracts of lands was allowed, and Mattie Renois and others interested, appealed. Affirmed.

McReynolds & Hay, of Sherman, and Hughston & Neilson, of McKinney, for appellants.

Truett & Neathery, of McKinney, for appellees.

HAMILTON, J. This is an appeal from a judgment entered in response to a motion filed by appellees to correct nunc pro tunc an error in the entry and record of a judgment many years previously rendered; the motion asserting a variance between the judgment theretofore uttered by the court and the minutes expressing it. The clerical error, the correction of which was sought, inheres, according to the allegations, in the identification of certain tracts of land by numbers. The original suit resulting in the judgment, the record of which is alleged to be erroneous, was a partition suit involving several tracts of land. It is alleged that a certain tract designated as tract No. 1 should have been designated as No. 4, and that referred to as No. 4 should have been indicated as No. 1. The judgment was entered in 1907. The alleged mistake was not discovered until the last of December, 1919. The land had been conveyed by those in whom appellees contend the judgment actually rendered put the title to it, and all parties seem by their attitude and conduct to have acquiesced, after the partition, in the understanding that the judgment was that for which appellees contend, until this proceeding was instituted. Upon discovering the actual terms of the judgment, as entered, appellees filed their motion, praying for an order correcting the entry to conform to and truthfully recite the judgment of the court as made. The motion having been granted, appellants duly prosecuted their appeal, and complain before this court against the decree upon various grounds.

The first assignment of error is, in effect, that the judgment is entirely unsupported by evidence, and is contrary to the undisputed evidence. This assignment of error, and the proposition and statement presented under it, set forth in comprehensive detail the position asserted. But we do not agree with appellant, and, without discussion of the evidence, hold that it was sufficient to support the judgment.

Under other assignments of error we are urged to reverse the action of the trial court, first, because appellees are guilty of delay and laches; second, because no one of the petitioners was a party to the original suit, and therefore none of them could maintain a motion to make the correction, the right

to correct it being personal to the original party, against whose interest the mistake was made; and, third, because certain of appellees were permitted to intervene after certain nonresident defendants were cited, no notice of the intervention being given them.

[1] The defense of mere delay (which alone does not constitute laches in any case) cannot be invoked in a proceeding of this nature. The court could, at any time after the judgment was entered, correct the ministerial error in the record, first giving notice to the parties at interest, in the absence of the intervention of rights of innocent parties who were not parties to the suit. No rights of any such innocent parties have intervened to be affected by the entry of the correction made.

[2] The fact that the petitioners were not parties to the original suit is immaterial. They were interested in the correction of the judgment. But, as said by the appellee's counsel, the right to have an error in the entry of the judgment corrected is not personal; the right and power to make the correction are inherent in the court.

[3] The complaint against the action of the court in permitting some of the appellees to intervene without notice of the intervention being given nonresident defendants cited to answer only the petition of the original petitioners is without merit. The interveners merely adopted the allegations of the motion already filed, proper notice of the pendency of which had been given all the appellants, and, no new matter having been alleged by the interveners, appellants could not have been injured. The presence of the interveners in the proceeding in no way affected the judgment entered, which would have been the same, both in form and substance, in their absence. The judgment could have been entered without the filing of any motion at all. The opinion of the Supreme Court in the case of Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, speaking through Chief Justice Phillips, we think effectually applies, and sustains the judgment in this case. We could dispose of it in no discussion of our own so apt as the language of the opinion in that case as follows:

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. Freeman on Judgments, § 38. Hence it is that from the earliest times the power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. Freeman on Judgments, § 56; 18 Ency. Pl. & Prac. p. 459. Our statutes providing for the correction of mistakes in the record of judgments and decrees (articles 1356 and 1357, Sayles' Civil Stat.) govern the procedure of its exercise; but they are only cumulative of this inherent power of the courts to have their records at all times speak the truth. If a court is made aware that through mistake or omission its records do not recite its judgment as actually rendered, we do not doubt that it is not only the right, but the duty, of the court, of its own motion and after due notice to the parties, to order the proper entry. The nature of a judicial record, the accuracy of which is the peculiar concern of the court, and which for that reason and to that extent remains within the court's control, forbids that its correctness as an expression or evidence of judicial action should depend upon the inauguration of a proceeding by the parties, and it is therefore plain that such a proceeding only invokes an authority which the court may exercise of its own accord. In Ximenes v. Ximenes, 43 Tex. 458, Judge Moore quoted the following language from the opinion of Judge Wheeler in Burnett v. State, 14 Tex. 456: 'Every court has the right to judge of its own records and minutes, and, if it appear satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records of the term when it was made.' And then announced: 'And there can be no doubt, we think, that this court may, at a subsequent term after a final judgment, if there is the proper predicate for it, correct clerical errors or mistakes, cure defects of form, or add such clause as may be necessary to carry out the judgment of the court, make the entry in the minutes correspond with and correctly express the judgment actually rendered, as shown by the entire record.' In Whittaker v. Gee, 63 Tex. 435, it was held by Chief Justice Willie as follows: 'Frequent decisions of this court have settled the right to have a judgment amended after the expiration of the term at which it was obtained, when, through mistake or clerical error, the record does not speak fully or truly the judgment actually rendered in a cause.'

"A proceeding of such character, whose only purpose is to have the judgment entry speak truly the judgment as rendered, neither asserts nor seeks the enforcement of any new right. It presents no issue between the parties except in respect to the accuracy of the record, and otherwise involves the adjudication of nothing between them. It is powerless to reopen the controversy as closed and sealed by the judgment, and makes no such attempt. The inquiry under it is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined. If an amended or corrected entry be ordered, the status of the parties and their relative rights, as decreed and fixed by the judgment, remain untouched and unaltered, in no sense adjudicated anew, but only judicially evidenced as originally determined. The result is that only that is done by the court which it had the inherent power to originally do as a part of its decision of the case, and which it

would have done in the interest of a truthful record. It is as much the concern and duty of the court to have its records faithfully recite its judgments as it is to render the judgments themselves, and for that reason it is held that its jurisdiction over its records does not end with the term. In this sense a case is regarded as pending until the judgment rendered is correctly recorded. It is the right of parties to have such a record; and it ought not to be the law, and in our opinion it is not the law, that they are under the necessity of instituting an independent suit to obtain it. * * *

"The right of parties to have the entry correspond with the judgment rendered is not affected, as is contended by counsel for plaintiff in error, by rule 48 for the government of the district courts (142 S. W. xxi), which provides that counsel of the party for whom a judgment is to be rendered shall prepare the form of the judgment to be entered and submit it to the court. While that rule imposes a proper duty upon counsel for the successful party and should be enforced, its operation is not such as to make the records of the court depend upon the diligence or care of counsel in the case. The court has an independent concern in the correctness of its records, and its right in the premises cannot be disposed of by the negligence or omission of attorneys for the parties. We do not regard the question of laches as involved in the case. True, there was an interval of six years between the date of the rendition of the judgment and the application for the 'nunc pro tunc entry; but laches means more than mere delay. The position of the parties had undergone no change, no intervening rights had accrued, and nothing was shown that made inequitable the granting of the order for a proper entry of the judgment."

See, also, article 2016, Sayles' Rev. Civ. Stats.; Ximenes v. Ximenes, 43 Tex. 463; Blum v. Neilson, 59 Tex. 380; Knight v. Waggoner, 214 S. W. 691.

The record supports the judgment of the court below; and it is affirmed.