**BRAY v. CITY OF CORSICANA.** (No. 6921.)

(Court of Civil Appeals of Texas. Austin. Feb. 3, 1926. Rehearing Denied Feb. 24, 1926.)

1. **Appeal and error** ⊜⇒660(2).

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2015–2017, 2119, service of notice of motion to perfect record on appeal on attorney of adverse party is sufficient.

2. **Notice** ⊜⇒10.

Where statutes do not specifically provide mode and manner of serving notice of any proceeding arising in civil suit, Vernon's Sayles' Ann. Civ. St. 1914, art. 2119, applies.

3. **Appeal and error** ⊜⇒659(2)—**Judgment** ⊜⇒306—**Clerical error in judgment of trial court may be corrected by motion, and record on appeal may be perfected by motion (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2015–2017).**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2015–2017, clerical error in judgment may be corrected by motion in trial court at subsequent term after due service of notice thereof on adverse party, and record on appeal may be perfected so as to include such correction by motion.

4. **Appeal and error** ⊜⇒759—**Failure to copy assignments of error in brief held to prevent consideration of brief (rule 32 for Courts of Civil Appeals).**

Failure of brief of appellant to copy assignments of error, or to specify in any manner on what assignments of error points or propositions are predicated, contrary to rule 32 for Courts of Civil Appeals, prevents consideration of assignments of error and propositions based thereon.

5. **Appeal and error** ⊜⇒766—**In absence of assignments of error and propositions based thereon in brief which can be considered, and showing of fundamental error in record, judgment will be affirmed (rule 32 for Courts of Civil Appeals).**

Where, on appeal, assignments of error and propositions based thereon could not be considered for failure to copy them in brief as required by rule 32 for Courts of Civil Appeals, in absence of showing of fundamental error by record, judgment will be affirmed.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by W. W. Bray against the City of Corsicana for an injunction. From the judgment, plaintiff appeals. Affirmed.

H. E. Traylor and H. B. Daviss, both of Corsicana, for appellant.

Wayne Howell, Fred Upchurch, and J. S. Simkins, all of Corsicana, for appellee.

BLAIR, J. The suit originated as an injunction proceeding by appellant W. W. Bray against the city of Corsicana, to prevent it from tearing down and destroying the fence and barn of appellant, which according to the city's contention had been constructed in and upon what was known as Mullin's alley, dedicated to said city; and the suit in reality resolved itself into one to ascertain the true location of the south line of said alleyway.

The alleyway ran in an easterly and westerly direction across block 256 from North Beaton street to North Tenth street in the city of Corsicana. The jury found, upon special issues submitted to them, that appellant in the year 1918 moved his fence at the western extremity of the alley, where it intersected with North Beaton street eight

feet in and upon the alleyway as it had theretofore existed, and on the south line thereof; and that at the eastern extremity of said alleyway where it intersected North Tenth street, he moved his fence in and upon the alleyway for a distance of three feet and four inches.

Although the pleadings, the undisputed testimony, and the jury's verdict show the strip of land in controversy to be along the south line of the alleyway, through clerical mistake or oversight the word "north" instead of the word "south," in referring to the line of said alleyway in controversy, was used in the judgment. This clerical error was not noticed until appellant filed his brief in this cause, suggesting that the judgment was not supported by any proof: whereupon appellee, by proper motion in the trial court, at a subsequent term to the one at which the judgment was entered, and after due and proper notice of the motion was served upon H. E. Traylor, one of the attorneys of record for appellant, procured an order nunc pro tunc correcting the judgment with respect to the clerical error. The attorney upon whom the notice of the motion was served appeared as amicus curiæ on the hearing thereof and suggested to the court that no party to the suit had been served with any notice of the motion as required by law; but the trial court disregarded the suggestion and corrected the judgment. Appellee attached the corrected judgment, duly certified to by the clerk of the trial court, to a motion to perfect the record here, and prays that it be made a part of the record on this appeal.

[1] Appellant contends that the motion to perfect the record should be overruled, because no notice of it was served upon a party to the suit as required by law; and further contending that the attorney of record is and was in no manner a party to the suit. We do not sustain this contention.

Article 2015, Vernon's Sayles' Ann. Civ. St. 1914, reads:

"Where there shall be a mistake in the record of any judgment or decree, the judge may, in open court, and after notice of the application therefor has been given to the parties interested in such judgment or decree, amend the same according to the truth and justice of the case, and thereafter the execution shall conform to the judgment as amended."

Article 2016, Vernon's Sayles' Ann. Civ. St. 1914, reads:

"Where, in the record of any judgment or decree of any court, there shall be any mistake, miscalculation or misrecital of any sum or sums of money, or of any name or names, and there shall be among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be the duty of the court in which such judgment or decree shall be rendered, and the judge thereof in vacation, on application of

either party, to amend such judgment or decree thereby, according to the truth and justice of the case; but the opposite party shall have reasonable notice of the application for such amendment."

Article 2017, Vernon's Sayles' Ann. Civ. St. 1914, provides that the corrected judgment in a proceeding of this character shall constitute a part of the record.

Article 2119, Vernon's Sayles' Ann. Civ. St. 1914, provides the mode or manner of service of notice on motions of this character to be as follows:

"Whenever, in the commencement or progress of any suit, it shall be necessary to serve any notice on any party to such suit, such notice may be served either by an officer authorized by law to serve original process of the court in which the suit is brought or may be pending, or by any person who would be a competent witness upon the trial of such suit; every such notice may be served in like manner as an original writ, either on the party or his attorney of record; and the return of such notice, when made by an officer, or when made by any other person, and verified by the affidavit of such person, shall be received as evidence of the fact of service, subject to be repelled by contrary proof."

[2] It is well settled in this state that where the statutes do not specifically provide the mode and manner by which notice of any proceeding arising in a civil suit is to be served, the last above-quoted article shall control as to such notice. Denby Truck Co. v. Thompson (Tex. Civ. App.) 248 S. W. 427.

[3] There is no dispute in this record that the attorney of record for the party required by the statute to be served was served with such notice. It is also too well settled in this state to require any further discussion here that a judgment may be corrected in the manner invoked by appellee in this proceeding. Renois' v. Griffith (Tex. Civ. App.) 230 S. W. 1067; Coleman v. Zapp, 151 S. W. 1040, 105 Tex. 491. The last case cited was written by Chief Justice Phillips, and effectively disposes of all the questions on this motion except as to the question of notice, which we think is controlled by article 2119, supra; and the motion to perfect the record is therefore granted.

[4] On the threshold of this appeal we meet with appellee's objection to a consideration of appellant's brief in any particular, because the assignments of error upon which the appeal is predicated are not copied therein; nor does the brief say in any manner upon what assignments of error the points or propositions are predicated. Rule 32 for the Courts of Civil Appeals reads:

"The brief shall contain verbatim copies of such of the assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal, but their original numbering may be disregarded. They shall be set out at the back of the brief, but if desired

they may immediately follow the statement of the case."

The following authorities hold that failure to copy assignments of error in the brief is contrary to rule 32 of the Courts of Civil Appeals, and such assignments of error and propositions based thereon will not be considered. First State Bank & Trust Co. v. Blum (Tex. Civ. App.) 239 S. W. 1035; St. L. & S. F. Ry. v. McClain, 15 S. W. 789, 80 Tex. 85; Evans v. Houston Oil Co. (Tex. Civ. App.) 211 S. W. 605; Seby v. Craven Lbr. Co. (Tex. Civ. App.) 259 S. W. 1095; Mason v. Gantz (Tex. Civ. App.) 226 S. W. 435; Kibby v. Kessler (Tex. Civ. App.) 225 S. W. 277; volume 2 of Tex. & Southwestern Digest, to 240, under subject of Appeal and Error, key section 759, p. 1329; and Supreme Assembly of Modern Americans v. Mitchell (Tex. Civ. App.) 275 S. W. 224.

Although the brief in this case has been filed since January 30, 1925, appellant has made no effort to remedy the defect, and it will not be considered.

[5] We have carefully examined the record for fundamental error apparent of record, and finding that no such error exists, the judgment will be affirmed.

We have also examined propositions upon which this appeal is predicated to the extent that we have satisfied our own minds that no error exists in the record, and the judgment will be affirmed.

Affirmed.