## BONNER v. KING et al. (No. 984.)

(Court of Civil Appeals of Texas. Beaumont. May 26, 1923.)

Appeal and error ⬦⟿758(2)—Error in refusing special issues not shown by appellant's brief to have been acted on or requested before jury retired not presented.

Assignments complaining of refusal to submit special issues, not shown by appellant's brief to have been acted on by the court or requested before the jury retired, show no error.

Appeal from District Court, Henderson County; W. R. Bishop, Judge.

Action by J. R. King against G. W. Bonner and others. Judgment for plaintiff, and defendant Bonner appeals. Affirmed.

Miller & Miller, of Athens, for appellant. Justice & Justice, of Athens, for appellees.

HIGHTOWER, C. J. The appellee King filed this suit in the district court of Henderson county against the appellant, G. W. Bonner, on a promissory note executed by appellant in favor of appellee, praying recovery in the aggregate amount of $833.75. Appellee also set up the execution by appellant of a chattel mortgage covering certain stock, that is, horses and mules, and also covering a crop of cotton raised by appellant, and asked for its foreclosure. Appellee also made Haney Bros., a partnership composed of Virgil Haney and Martin Haney, parties defendant, alleging that they had converted two bales of cotton which appellee claimed was covered by the mortgage. All defendants answered. Appellant, Bonner, answered by general demurrer and general denial, and further pleaded that he was entitled to certain credits on the note sued on, specifying same, and also filed a cross-action for damages against appellee. The case was tried with a jury, and was submitted upon special issues, and upon the verdict returned judgment was entered in favor of plaintiff, appellee here, for the full amount sued for, as against appellant, and against Haney Bros. for the value of two bales of cotton, and appellant, Bonner, has prosecuted this appeal, and brings forward in his brief 15 assignments of error, upon which he claims the judgment should be reversed. Fourteen of these assignments complain of the refusal of the trial court to submit to the jury certain special issues which he contends were necessary in order to protect his rights. Each of these special issues is set out under the assignment to which it relates, but as set out shows no action of the court with reference to same, and there is not a statement anywhere in the brief of appellant showing that these special issues, or any of them, were requested before the jury had retired to consider the case. In other words, there is nothing in appellant's brief showing when these special issues, if they were tendered and refused, were so tendered. Such being the condition of the brief, no error on the part of the trial court is shown under these assignments. We have gone to the charge of the court, however, and find that all material defensive issues that were made by the pleadings of appellant and sustained by any evidence were fairly and properly submitted for the determination of the jury, and in every instance the jury returned its finding against appellant.

There is no reason shown why the judgment should not be in all things affirmed; and it is so ordered.

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes