## SUPREME ASSEMBLY OF MODERN AMERICANS v. MITCHELL.
### (No. 6864.)

(Court of Civil Appeals of Texas. Austin. May 20, 1925. Rehearing Denied June 24, 1925.)

**1. Appeal and error ☞759—Assignments of error, not copied in brief, not considered.**

Appellant having failed to copy assignments of error in its brief, contrary to rule 32 of Court of Civil Appeals, such assignment of errors will not be considered.

#### On Motion for Rehearing.

**2. Appeal and error ☞759—Amendment of brief, failing to copy assignments; not granted, where no fundamental error presented and grant would require court to go through brief in detail.**

Appellate court will not grant amendment of appellant's brief which did not contain copy of assignments of error, in violation of rule 32 of Court of Civil Appeals, where record presents no fundamental error, and court, if granting amendment, would be required to go through brief in detail and cull out pertinent assignments.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Proceeding between Young Mitchell, as next friend of Callie Mitchell, and the Supreme Assembly of Modern Americans. From the judgment, the Supreme Assembly of Modern Americans appeals. Affirmed.

H. H. Cooper, of Houston, for appellant.
W. C. Wofford and Melasky & Moody, all of Taylor, for appellee.

McCLENDON, C. J. [1] No assignments of error are copied in appellant's brief in violation of present rule 32 of the Courts of Civil Appeals, and for that reason we cannot consider any of the assignments of error presented. It has been the uniform holding of the appellate courts of this state not to consider assignments of error not copied in the brief. The authorities upon this subject are numerous, and are collated in volume 2, Texas and Southwestern Digest, under Appeal and Error, Key No. 759.

The judgment of the trial court is therefore in all things affirmed.

Affirmed.

#### On Motion for Rehearing.

[2] Appellant, in a motion for rehearing, has asked leave to amend its brief by inserting therein all the assignments of error contained in its motion below for new trial, tendering, at the same time, copies of the assignments. The brief manifestly has no reference to all these assignments, and compliance with the request would require the court to go through the brief in detail and cull out the assignments that may be pertinent to the propositions urged.

In passing upon the case originally, we examined the record for fundamental error, and in so doing reached the conclusion, not only that fundamental error was not presented, but that there was no merit in the contention urging that the evidence adduced would not support the verdict. The other issues presented relate to the charge, and are more or less technical.

Under all the circumstances presented, we have reached the conclusion that the case is not one in which we ought to exercise, at this time, such discretion as we may have to grant amendment of appellant's brief.

Motion overruled.