## NATKIN ENGINEERING CO. v. ÆTNA CASUALTY & SURETY CO.

### No. 1440—5657.

Commission of Appeals of Texas, Section A.

April 15, 1931.

Winfrey & Lane, of Dallas, for plaintiff in error.

Harry P. Lawther and William M. Cramer, both of Dallas, for defendant in error.

CRITZ, J.

Plaintiff in error, Natkin Engineering Company, a partnership, sued the defendant in error, Ætna Casualty & Surety Company, a corporation, in the district court of Dallas county, Tex., upon a contractor's bond, executed by W. T. Munroe Company, as principal, and the casualty and surety company, as surety. Trial in the district court resulted in a judgment for the casualty and surety company. This judgment was affirmed by the Court of Civil Appeals. 22 S.W.(2d) 717. The case is in the Supreme Court on writ of error granted on application of the engineering company.

An inspection of the record and the opinion of the Court of Civil Appeals discloses that, when the case was presented to the Court of Civil Appeals, none of appellant's assignments of error were contained in the brief. This appearing, the Court of Civil Appeals, finding no fundamental error, affirmed the judgment of the district court.

The engineering company then filed a motion to amend their brief and for rehearing. Both of these motions were overruled. The

Court of Civil Appeals then proceeded to express its views on the merits of the case declaring the questions presented properly decided by the district court.

The assignments contained in the application for the writ of error complain of the rulings of the Court of Civil Appeals on the merits of the case, but no complaint is made of the refusal of the Court of Civil Appeals to allow the appellant to amend its brief by including therein its assignments of error.

In this state of the record we think that the judgment of the Court of Civil Appeals should be affirmed, regardless of the question of the correctness of their ruling on the issues here presented. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846; Texas Jurisprudence, vol. 3, par. 588.

In the above case the Court of Civil Appeals for the Tenth district certified to the Supreme Court the following question: " 'First Question. Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, should the Court of Civil Appeals confine its consideration of the case to fundamental error apparent on the face of the record, or should it in the exercise of its discretion, if the ends of justice require, consider the points or propositions presented in such brief as ground for reversal, notwithstanding such failure?' "

Section B of the Commission, in an opinion by Judge Speer which was adopted as the opinion of the Supreme Court, answered the above question as follows: "First. Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power. While it is not necessary that the assignments required to be filed below should be literally copied into the brief, yet they must be at least substantially reproduced. Rule 32, Court of Civil Appeals, and rule 101a, district and county courts; Seby v. Craven Lumber Co. (Tex. Civ. App.) 259 S. W. 1093; Equipment Co. v. Luse (Tex. Civ. App.) 250 S. W. 1104; Green v. Shamburger (Tex. Civ. App.) 243 S. W. 601; Carey v. Tex. Pac. Coal & Oil Co. (Tex. Civ. App.) 237 S. W. 309; Green v. Hall (Tex. Com. App.) 228 S. W. 183. There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court, and the other merely sets forth the reasons why

such action is erroneous. It takes the assignment to reach the ruling, and it is the ruling that is to be reviewed by the appellate court. Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496; International, etc., Ass'n v. Griffing (Tex. Civ. App.) 264 S. W. 263; Ford v. Flewellen (Tex. Civ. App.) 264 S. W. 602; Chenault v. Honaker (Tex. Civ. App.) 261 S. W. 825."

It follows from the above holding that the Court of Civil Appeals was without authority to pass on anything in this case except fundamental error. No such error appears.

The case was therefore correctly affirmed.

We express no opinion as to the merits of the controversy, because the questions thus presented are not properly before us.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.