## GRAND COURT, ORDER OF CALANTHE OF TEXAS, v. SMITH et al.

### No. 12670.

Court of Civil Appeals of Texas. Fort Worth.
April 16, 1932.

Rehearing Denied May 23, 1932.

R. D. Evans, of Waco, for appellant.

W. J. Durham, of Sherman, for appellees.

CONNER, C. J.

This suit was instituted by the appellees against the appellant, a fraternal benefit society, to recover the sum of $375 upon a certificate of insurance in that amount issued to Frankie Copeland on the 25th day of January, 1922. It was alleged that the beneficiaries named in the certificate were the husband and sister of Frankie Copeland; that the beneficiaries so named pre-deceased Frankie Copeland, who died on or about the 20th day of February, 1927, without having legally designated any new or other beneficiary or beneficiaries capable under the laws of the order of receiving the proceeds of the policy; and that plaintiffs were the only heirs of the said Frankie Copeland entitled to inherit and receive the proceeds of the policy, for which they prayed judgment.

The society defended on the ground, among other things, that prior to the death of Frankie Copeland, to wit, on the 9th day of January, 1922, the said Frankie Copeland had legally adopted one Mariah King as a daughter, to whom the society, upon the application of Frankie Copeland, had issued a new policy designating Mariah King as beneficiary therein, and to whom the society later, after the death of said Frankie Copeland, had paid the sums due under the terms of the policy.

The plaintiffs answered this plea by alleging in substance that at the time of the purported adoption of Mariah King as a daughter, Frankie Copeland was without mental capacity to understand what she was doing and the legal effect of her act; and it was further alleged that she had been coerced and unduly influenced to so adopt Mariah King by her husband, Tom King.

The terms "testamentary capacity" and "undue influence" were defined and the case submitted to a jury upon the single issue of whether at the time of Frankie Copeland's adoption of Mariah King as her daughter, she had the testamentary capacity at the time she executed the deed of adoption. The jury answered that she did not, and the court thereupon entered judgment for the plaintiffs in accord with their prayer, and the defendant society has duly prosecuted this appeal.

We find ourselves wholly unable to afford appellant any relief. The record fails to show that its general demurrer to the plaintiffs' petition was called to the court's attention, and there is no statement of facts. We must therefore imply that the evidence in all respects was sufficient to establish the material allegations of the plaintiffs' petition.

Indulging such implication in connection with the verdict of the jury, upon which no attack has been made as unsupported by the evidence, it would seem at all events necessary to affirm the judgment below in the absence of some fundamental error presented on the face of the record, and none has been pointed out and none has been discovered.

Moreover, appellant has failed to embody in his brief a copy of any assignment of error as required by rule 32, adopted for the government of Courts of Civil Appeals. In such cases it has been expressly held that Courts of Civil Appeals are without authority to pass on any question except fundamental error presented on the face of the record. See Natkin Engineering Co. v. Ætna Casualty & Surety Co., 37 S.W.(2d) 740, by our Commission of Appeals. See, also, section 588, vol. 3, Texas Jurisprudence.

The judgment below accordingly must in all things be affirmed, and it is so ordered.

## On Motion for Rehearing.

Appellant insists that the record discloses fundamental error, the contention being that upon the death of the original beneficiaries named in the certificate issued to Frankie Copeland, she had the lawful power to adopt, as she did, Mariah King as her daughter and designate such adopted daughter as beneficiary in her certificate, and hence that Mariah King secured a vested interest, in the proceeds of the certificate which could not be assailed in any form by the appellees.

It is to be observed, however, that in the absence of a statement of facts we must imply from the court's judgment and from the allegations of plaintiff's petition that Mariah King was not legally appointed as an adopted daughter of Frankie Copeland, and there is nothing in the record which indicates that the society had any by-law or other provision authorizing the appointment by Frankie Copeland as beneficiary, a person wholly unrelated to her. Hence, we think that upon the death of Frankie Copeland in February, 1927, the proceeds of the certificate was payable according to the terms of article 4831, Rev. Statutes of 1925 (see Acts 1923, p. 116). That article reads in part: "If a member shall die without designating a beneficiary, or if at the death of the member the beneficiary designated is dead or has no insurable interest in the life of the member, the benefits payable under the certificate shall not be forfeited but shall be paid to the persons named in this article."

The order of payment designated in the article is to the wife, husband, relative by blood to the fourth degree, children by legal adoption, etc. It is suggested that this article was not in force at the date of Mariah King's designation. It was in force, however, at the date of the death of Frankie Copeland, and it then appearing that Mariah King had not been legally adopted as a daughter, the proceeds of the certificate was properly payable according to the terms of the article of the statute which was followed by the court in its judgment. It appearing that Mariah King, under whose right appellant defends, not having been a legally adopted child of Frankie Copeland and not being related to her by blood or marriage in any degree, the court rendered, we think, the only judgment that could have been legally rendered. To hold otherwise and now reverse the judgment of the trial court and uphold appellant's claim would be out of harmony with a long-standing rule of public policy in this state which precludes one without an insurable interest of all benefit of insurance on the life of one to whom he or she is in no way related by blood, marriage or adoption. See Price v. Knights of Honor, 68 Tex. 361, 4 S. W. 633; Equitable Life Ins.

Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Cheeves v. Anders, Adm'r, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107.

We conclude that the motion for rehearing should be overruled.