### JOHNSON v. HUEY & GOULD.

No. 12666.

Court of Civil Appeals of Texas. Fort Worth.

April 30, 1932.

Rehearing Denied June 11, 1932.

Fischer & Fischer, of Tyler, for appellant.

P. B. Cox, of Wichita Falls, for appellees.

DUNKLIN, J.

A. L. Huey and Lewis Gould instituted this suit against D. O. Johnson to recover a commission of 2½ per cent. on $21,000 alleged to be due them for procuring the Sherwin-Williams Paint Company as a proposed tenant for a business house located in Wichita Falls and owned by the defendant Johnson.

It was alleged that Johnson employed the plaintiffs as real estate brokers to procure a tenant for the house under a lease contract covering a period of five years at a fixed rental price of $4,200 per year, payable monthly in the sum of $350 and aggregating $21,000 for the full rental period; that plaintiff did procure Sherwin-Williams Paint Company as such a proposed tenant, who was ready and willing to enter into a lease contract upon the terms stated; but that defendant refused to enter into the contract with the tenant so procured. It was further alleged that the defendant, as a part of his contract of employment, agreed to pay plaintiffs a commission of 2½ per cent. on $21,000, the amount to be so realized by him from the tenant, aggregat-

ing $525; and that the services rendered by plaintiffs in the procurement of said tenant were reasonably worth that sum.

The case was tried before a jury, who returned findings on special issues sustaining the allegations in plaintiffs' petition just noted, and upon a verdict so returned judgment was rendered in favor of plaintiffs against the defendant for the sum of $525, with costs of suit. From that judgment the defendant Johnson has prosecuted this appeal.

The briefs filed by appellant here do not embody any assignments of error whatever. In the trial court the defendant filed a motion for new trial, alleging error in the judgment for several reasons, but none of those grounds have been brought forward as assignments of error in his briefs filed here.

It is now the settled rule of decisions in this state that in the absence of assignments of error brought forward in appellant's briefs this court is without authority to pass on anything except fundamental error in the judgment. Natkin Engineering Co. v. Ætna Casualty & Surety Co. (Tex. Com. App.) 37 S.W.(2d) 740.

We have examined the record and find no fundamental error; it appearing that the court had jurisdiction of the cause of action and of the person of defendant, and that the judgment rendered was based on the verdict of the jury sustaining all the material allegations in plaintiffs' petition.

Accordingly, the judgment of the trial court is affirmed.