## BUTLER BROS. et al. v. PARK.

No. 1339.

Court of Civil Appeals of Texas. Waco.

March 9, 1933.

Rehearing Denied April 13, 1933.

Fred J. Dudley & Associates, of Dallas, for plaintiffs in error.

John McNamara, of Waco, for defendant in error.

GALLAGHER, Chief Justice.

This suit was instituted on November 2, 1931, by M. C. H. Park, as trustee of the bankrupt estate of A. E. Kiersky & Son, a firm composed of I. W. Kiersky and Ziror Kiersky, against Butler Bros., a corporation, and Leslie Stegall, sheriff of McLennan county, to enjoin the sale of certain personal property and to require the defendants to surrender the same to plaintiff. Plaintiff alleged that Butler Bros., on July 6, 1931, recovered a judgment against said firm in a justice court of Dallas county for the sum of $151.25; that it procured an execution thereon to McLennan county, placed the same in the hands of said sheriff, and had him levy same on certain property belonging to said firm; that said sheriff had advertised the same for sale on November 4, 1931, to satisfy said execution. Plaintiff further alleged that said firm was thereafter adjudged bankrupt and that he was duly appointed as trustee of its estate; that said levy was made within four months prior to the filing of the petition on which such adjudication was made, and that said firm and both the members thereof individually were insolvent at the time such levy was made; that under the express provisions of the bankruptcy laws of the United States, said levy was void and the property so levied upon passed to him as trustee, discharged and released therefrom. Plaintiff prayed for a writ of injunction restraining the defendants, and each of them, from selling said property under said execution, and that the sheriff be directed and required to surrender possession thereof to him as such trustee. Temporary writs of injunction restraining such sale were duly issued.

The case was tried to the court and judgment rendered perpetuating said injunction and directing said sheriff to surrender possession of the property so levied upon to said trustee. Defendants present said judgment to this court for review by writ of error.

The only brief filed by defendants herein purports to be merely supplemental. It contains nothing that can be properly construed as a formal assignment or a distinct specification of any error alleged to have been committed in the trial of the cause, as required by the provisions of article 1844 of our Revised Statutes, as amended by the Acts 42d Legislature (1931) c. 75, § 1 (Vernon's Ann. Civ. St. art. 1844). Reference is made in said supplemental brief to a so-called brief incorporated in the transcript. Examination of the transcript discloses that defendants, on the 8th day of December, 1931, filed in said cause an instrument addressed to the judge of the court in which the suit was pending. They presented therein certain propositions of law in which they invoked the judgment of the court with reference to the plaintiff's right to maintain said action in McLennan county. They followed said propositions with argument and the citation of authorities. No ruling of the court had then been made. The court thereafter, on March 30, 1932, overruled their motion to dissolve the injunction and dismiss the cause, and, at the same time rendered the judgment here presented for review. There is nothing in said so-called brief filed in the trial court as aforesaid that could possibly constitute an assignment or specification of error for consideration by this court. Since defendants have presented no assignment or specification of error for our consideration, we are without authority to review the action of the trial court unless fundamental error appears on the face of the record. Natkin Engineering Co. v. Ætna Casualty & Surety Co. (Tex. Com. App.) 37 S.W.(2d) 740, and authorities there cited. We have found no such error. The judgment of the trial court is affirmed.