### GAVIN et ux. v. WEBB et al.*

#### No. 13441.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 6, 1936.

Rehearing Denied Dec. 11, 1936.

*Writ of error dismissed for want of jurisdiction. — S.W.(2d) —.

Clark, Harrell & Clark, of Greenville, for appellants.

Mayo W. Neyland and Morgan & Morgan, all of Greenville, for appellees.

SPEER, Justice.

A. G. Lantznester and his wife, Tennessee Lantznester, lived for many years in Hunt county, Tex., and there accumulated a sizeable estate consisting in the main of farm lands, residential and business property in Greenville, a business house in Oklahoma, along with valuable stocks and bonds, besides money in the banks.

A. G. Lantznester died testate on April 2, 1932, bequeathing to his wife all his property. The wife, Tennessee Lantznester, executed a will of date July 28, 1932, by the terms of which she bequeathed to

her daughter Ella Belle, now Ella Belle Gavin, certain property, and later deeded to her the real estate and delivered the personalty. There is no controversy in this suit as to any part of this property and we need not further notice it.

Mrs. Lantznester further bequeathed all the residue of her estate in equal parts, share and share alike, to her grandchildren, Albert L. Webb, Howard C. Webb, Jr., Gordon Webb, and Clara Webb Middelkamp; they being designated as the only children or the descendants of children of a deceased daughter. Thereafter, on July 29, 1933, Tennessee Lantznester executed a codicil to her will.

On June 15, 1934, Mrs. Lantznester executed and delivered a deed to Joe D. Gavin to lot 1, block 6, in the original town of Greenville, upon which was situated a brick building; 84 acres of land in one tract and 40 acres in another tract in Hunt county, Tex. The property conveyed to Joe D. Gavin was a part of the "residue" of her property originally willed to the Webb children after the bequests therein set out to the daughter Ella Belle. The appeal before us grows out of a suit involving the validity of the conveyance to Joe D. Gavin.

Mrs. Tennessee Lantznester died on June 25, 1934, leaving the original will, the codicil thereto, and having executed the deeds above mentioned.

Howard Webb, Albert Webb, Gordon Webb, and Clara Webb Middelkamp, joined by her husband, R. L. Middelkamp, instituted this suit against Joe D. Gavin and his wife, Ella Belle Gavin, in one count in form of trespass to try title of the lands described in the deed from Mrs. Lantznester to Joe D. Gavin, and in another count or in the alternative for cancellation of the said deed, alleged the title did not pass thereunder for the reasons shown.

The plaintiffs alleged that at the time of the execution of her will and at all subsequent times Mrs. Lantznester was the fee owner of the lands in controversy up to the date of her death; that at the time she executed her will she was of sound and disposing mind and memory and in every way possessed of testamentary capacity; but that because of advanced age, continued serious illness, and various bodily and mental afflictions, she was not at the time of the execution of the deed to Joe D. Gavin competent mentally or physically to

enter into such a contract and conveyance; and that no title passed thereunder.

Allegations were made that defendants conspired together to and did fraudulently induce Mrs. Tennessee Lantznester to execute the deed to Joe D. Gavin conveying the property in controversy. The conspiracy, and the means employed by defendants in the alleged perpetration of the fraud on Mrs. Lantznester, are elaborately and rather voluminously pleaded, and no good purpose will be served in a discussion of the case to go further into the details of the pleadings; but suffice it to say they are sufficient to authorize the introduction of testimony to make the issues upon which the case was decided.

The defendants denied generally and specially all of plaintiffs' allegations of fraud on their part that the conveyance to Joe D. Gavin was made by Mrs. Lantznester because he was the husband of her only living daughter and because he had been helpful to her and that she had previously expressed herself as being desirous of aiding him in some way in appreciation of his kindnesses, and that she executed the deed of conveyance with full knowledge of its contents and effect. They further answered in the usual form of not guilty of the trespasses alleged.

The will and codicil of Mrs. Lantznester were duly admitted to probate, and defendant Ella Belle Gavin qualified as independent executrix. The estate was administered, and the plaintiffs were delivered the part that came to them under the will and codicil, except that part previously conveyed by Mrs. Lantznester to Joe D. Gavin. Suit was immediately filed as herein shown to cancel the conveyance and to quiet the title to the lands, so conveyed, in the plaintiffs.

The case was tried to a jury on four special issues. These issues and the jury's answers were as follows:

"1. Do you find from a preponderance of the evidence that the defendant, Joe D. Gavin, as a means of and for the purpose of getting the property in controversy conveyed to him, represented to Mrs. Tennessee Lantznester as a fact that if the lands involved in this law suit went to her grandchildren by the terms of the will there would be a large Federal Inheritance tax or taxes chargeable against said lands.

"Answer yes or no as you may find. Answer: 'Yes.'"

"2. If you have answered 'yes' to the above question and only in that event, you will answer the following question:

"Do you find from a preponderance of the evidence that the defendant, Joe D. Gavin, recommended to Mrs. Tennessee Lantznester that as a means of avoiding payment of the inheritance tax on said lands that she convey the same to him and that at her death he would reconvey the same to her grandchildren, the plaintiffs in this case? Answer yes or no, as you may find. Answer: 'Yes.'"

"3. If you have answered 'yes' to the two questions above and only in that event, then you will answer the following question:

"Do you find from a preponderance of the evidence that Mrs. Tennessee Lantznester believed the statements, if any, made to her by Joe D. Gavin, relative to taxes, as asked about in the questions above? Answer yes or no as you may find. Answer: 'Yes.'"

"4. If you have answered 'yes' to the last question above then do you find from a preponderance of the evidence that Mrs. Tennessee Lantznester believed said statements as to inheritance taxes and relied upon said statement, if any, that he would convey the property to her grandchildren at her death and was caused thereby to execute the deed to Joe D. Gavin, in evidence before you? Answer yes or no, as you may find. Answer: 'Yes.'"

The court rendered judgment for plaintiffs against defendants canceling the deed of Mrs. Lantznester to Joe D. Gavin and quieting the title of the land in plaintiffs as prayed for.

The defendants, appellants here, moved for a new trial; the motion being overruled, they have perfected their appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District, and by order of the Supreme Court the case has been transferred to this court for consideration.

■ There are no assignments of error contained in appellants' brief, designated as such. In the transcript there appears an amended motion for new trial consisting of 39 paragraphs; there were no separate assignments of error filed in the trial court nor brought to us in the brief. Under Rev.Civ.St. art. 1844, as now amended, Acts 1931, c. 75, § 1 (Vernon's Ann.Civ. St. art. 1844), it is not necessary that assignments be filed in the lower court, but the rule requiring that assignments of error be copied into the appellants' brief was not obviated by the amendment of the article referred to. By Supreme Court Rule 101a it is provided that in all cases where motion for new trial is filed, such motion shall constitute the assignments of error.

Rule 32 for Courts of Civil Appeals is as follows:

"The brief shall contain verbatim copies of such of the assignments of error filed in the trial court and produced in the transcript as are relied on in the appeal, but their original numbering may be disregarded.

"They shall be set out at the back of the brief, but, if desired they may immediately follow the statement of the case."

Our Supreme Court has held that a substantial copy of the assignment is sufficient if brought forward in the brief. Clonts et al. v. Johnson, 116 Tex. 489, 294 S.W. 844, 846; Albritton v. Commerce Farm Credit Co. (Tex.Civ.App.) 9 S.W.(2d) 193, affirmed (Tex.Com.App.) 17 S.W.(2d) 784; Natkin Eng. Co. v. Aetna Casualty Co. (Tex.Com.App.) 37 S.W.(2d) 740. In the case of Clonts v. Johnson, supra, the court said: "Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power. * * * Rule 32, Court of Civil Appeals and 101a, district and county courts; Seby v. Craven Lumber Co. (Tex.Civ.App.) 259 S.W. [1093] 1104; * * * Green v. Shamburger (Tex.Civ. App.) 243 S.W. 601; Carey v. Texas Pac. Coal & Oil Co. (Tex.Civ.App.) 237 S.W. 309; Green v. Hall (Tex.Com.App.) 228 S.W. 183."

■ It will be seen from the authority from which we have quoted that it is jurisdictional to this court that the rules of procedure be complied with, and that it is not within our power nor discretion, regardless of the motive that prompts us to do so, to consider matters complained of by an appellant in some way not provided by law.

The rule announced above is the universal one, as appears in some of the following cases to which we refer:

Dawes v. Donna Irrigation District (Tex. Civ.App.) 25 S.W.(2d) 907. Held, Court of Civil Appeals will not consider assignments of error which have been omitted from the brief, as the rule requiring assignments to be copied in the brief is mandatory.

Contention of appellant will not be considered where no assignment of error presenting it is in his brief, under rule 32 for government of Courts of Civil Appeals. Schaff v. Stripling (Tex.Civ.App.) 265 S. W. 264.

Where appellant adopted designated assignments of error as contained in motion for new trial, but paragraphs of motion for new trial are not assignments of error copied in brief, such method was in violation of Supreme Court Rule 32. Chapman v. American Rio Grande Land & Irrigation Co. (Tex.Civ.App.) 271 S.W. 392.

Appellant having failed to copy assignments of error in its brief, contrary to Rule 32 of Courts of Civil Appeals, such assignment of errors cannot be considered. Supreme Assembly of Modern Americans v. Mitchell (Tex.Civ.App.) 275 S.W. 224.

This rule is so well settled we deem it unnecessary to mention all the cases announcing it, but see Bray v. City of Corsicana (Tex.Civ.App.) 280 S.W. 609; Phoenix Furn. Co. v. Kay (Tex.Civ.App.) 10 S. W.(2d) 422; Forrest v. Moore (Tex.Civ. App.) 22 S.W.(2d) 1104; Dunn v. Lamar Dist. (Tex.Civ.App.) 293 S.W. 284, and cases cited. Many more cases could be cited on this point, but we do not consider them necessary.

Appellants' brief contains 29 "Propositions upon which this appeal is predicated." We recognize the rule that an assignment of error may be a proposition of law within itself, and a proposition may be good as an assignment of error, but an analysis of the "Propositions" before us reveals that they do not meet the requirements of both an assignment of error and a proposition.

Rule 30 provides:

"Following the statement of the case there shall be stated consecutively, separately subdivided and numbered, the propositions or points upon which the appeal is predicated. These shall be germane to one or more of the assignments of error or relate to fundamental error.

"The purpose of this rule is to enable counsel to state immediately and briefly, and without repetition, the questions in the case and to acquaint the court at once with the propositions presented for decision."

The Legislature, at its Forty-Second Regular Session in 1931, passed what is now Rev.Civ.St. art. 1757 (Acts 1931, c. 45, § 1 [Vernon's Ann.Civ.St. art. 1757]), which reads:

"In all cases appealed to the Court of Civil Appeals and/or taken to the Supreme Court, it shall be sufficient if said briefs contain the following:

"1. A statement as to the nature and result of the suit.

"2. The alleged error or errors upon which the appeal is predicated.

"3. The authorities relied upon.

"4. A statement and/or argument on the errors assigned. Provided, however, that the Supreme Court may adopt rules with reference to the form and time of filing of briefs generally, but not inconsistent with the provisions hereof."

Some of the decisions since the adoption of the above-amended article hold Rule 30 for Courts of Civil Appeals, requiring the brief to contain a "proposition" germane to some assignment of error, was by the act abrogated. Heatley v. Ponder & Sons (Tex.Civ.App.) 40 S.W.(2d) 951, 952; Walker County Lumber Co. v. Sweet (Tex.Civ.App.) 40 S.W.(2d) 225 (error dis.); Connecticut General Life Ins. Co. v. Dugas (Tex.Civ.App.) 91 S.W.(2d) 757 (error dis.). While upon the other hand other courts have adhered to the rule and required its observance. In case of Lord v. Hatcher (Tex.Civ.App.) 83 S.W.(2d) 758 (error dis.), the court refused to consider "propositions" because they contained mere abstractions; the ruling was based on Court Rule 30 and many previous decisions of the courts there cited. In Bustamante et al. v. Haynes et al. (Tex. Civ.App.) 55 S.W.(2d) 137, 141 (error dis.), a review of proceedings had below before the trial court without a jury was under consideration. No motion for new trial was required, and therefore appellant could not rely upon such for assignments of error. It was held the new article 1757 did not affect the duties of appellant to rely upon such assignments of error as were filed. In commenting on the amended article the court said:

"The amendment, like nearly all recent legislative acts to 'simplify' and 'facilitate' court procedure, is vague, confusing, misleading, is subject to a variety of constructions, and therefore largely defeats its own expressed objects. But we are unable to see anything in its vague scope that would warrant a specific construction which would authorize an appellant to group two or more or 39 or 300 separate and distinct assignments of error and discharge them at an appellate court in one shot over one omnibus 'statement and/or argument.' If such grouping is permissible, then an appellant may properly present a thousand assignments of error, or 'alleged errors,' in one paragraph, with only a semicolon to separate each from all the others, and all resting upon one omnibus 'statement and/or argument.'

"A rational analysis discloses that the amendment to article 1757 prescribes the same requisites of a brief that existing rules prescribe, except that it omits specific requirement of 'propositions or points' of law, such as are prescribed in the rules."

Amended article 1757 could in no way affect other rules not in conflict with it. It does no more than to eliminate the necessity of following each assignment with a proposition of law applicable to the facts, showing the reason why the act of the court complained of was error.

▪▪ The office of a brief in our procedure is to aid the appellate court to quickly understand the issue involved and to give to the court a word picture of the controversy to be determined. We are inclined to hold to the rule so well established that the sufficiency of assignments should be liberally construed, so as not to cut off the approach of parties in good faith seeking relief for errors prejudicial to them in the trial of the case. Clarendon Land Co. v. McClelland, 86 Tex. 179, 190, 23 S.W. 576, 1100, 1103, 22 L.R.A. 105. But this should not be done to the hurt of another who has an equal interest in the result of our deliberations.

▪ To give effect to article 1757 as amended will change materially the procedure heretofore followed by the courts in recognizing a sufficient assignment of error in such language as, "The court erred in submitting special issue No. 1." Without a correct proposition of law germane to the assignment and applied to the statement of the facts touching the point, the labors of the appellate court are materially increased instead of simplified. Under this rule an assignment should not only point out the error complained of, but show a reason why the act of the court was erroneous. Otherwise the appellate court could not reach and consider whether or not there was error in the giving of the special issue used by us in the illustration above. It was held by our Supreme Court in Missouri, K. & T. Ry. Co. v. Maxwell, 104 Tex. 632, 635, 143 S.W. 1147, 1149: "It is not enough to make an assignment of error complaining of an act or omission of the court, but, where the reason is not shown in the assignment itself, the reasons upon which the complaint is based are required to be given. Where the statute is not complied with in this respect, such ground or reason of complaint will be treated as waived. This omission cannot be supplied in the Court of Civil Appeals or in the Supreme Court."

Our Supreme Court in Clonts v. Johnson, supra, made this observation:

"There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court, and the other merely sets forth the reasons why such action is erroneous. It takes the assignment to reach the ruling, and it is the ruling that is to be reviewed by the appellate court."

Rule 25, as we have it, designed to aid in determining when an assignment meets the requirements of the statute, says: "To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or findings of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct or clear statement, considering the matter referred to, and must refer to that particular portion of the motion for a new trial in which error is complained of."

Rule 32, which requires that assignments of error be copied or at least substantially copied into the brief, has in no way been changed or modified. No effort was made to copy, substantially or otherwise, the assignments of error into the brief before us. It is not within our jurisdictional power to go beyond the brief, in search of assignments or other errors except fundamental errors disclosed by the record. As stated in Clonts v. Johnson, supra, this is the extent of our jurisdiction, and this court has no discretion to go farther, "even though it thinks the ends of justice require such course."

We must therefore look alone to such of appellants' "propositions" appearing in the brief, as may be termed proper assignments of error. To be such, they must distinctly specify the grounds on which appellants rely. Rev.Civ.St. art. 1844, as amended (Vernon's Ann.Civ.St. art. 1844). They must point out that part of the proceedings contained in the record complained of, in a particular manner so as to identify it, and must refer to that part of the motion for new trial in which the error is complained of. Rule 25 for Courts of Civil Appeals.

In the case of Bonner v. King et. al. (Tex.Civ.App.) 252 S.W. 853 (error refused), complaint was made in the Court of Appeals that the trial court had erred in refusing to submit certain requested issues, deemed important to appellant's defense, and referring to the assignments the court said: "Fourteen of these assignments complain of the refusal of the trial court to submit to the jury certain special issues which he contends were necessary in order to protect his rights. Each of these special issues is set out under the assignment to which it relates, but as set out shows no action of the court with reference to same, and there is not a statement anywhere in the brief of appellant showing that these special issues, or any of them, were requested before the jury had retired to consider the case. In other words, there is nothing in appellant's brief showing when these special issues, if they were tendered and refused, were so tendered. Such being the condition of the brief, no error on the part of the trial court is shown under these assignments."

The above requisites are necessary to constitute an assignment of error. Not one of the "propositions" contained in the brief, except No. 29 to which we shall later refer, comply with the above-mentioned requirements. There is no reference to that part of the motion for new trial in which the question was raised. If we would search out the various grounds for new trial contained in the 39 paragraphs thereof, we might find that somewhere therein the grounds assigned in the "propositions" were raised, but there are 29 "propositions" and 39 separately numbered paragraphs of the motion for new trial. The numbered "propositions" do not correspond with the numbered paragraphs in the motion for new trial, and no reference is made in the former to the latter to enable us to know upon which part of the motion for new trial the "propositions" are based, and consequently we must make the comparison ourselves, a duty enjoined by law upon counsel. Of course appellants may abandon on appeal any part of their motion for new trial, or assignments of error in the lower court and the numbers given below may be disregarded on appeal; but this makes it all the more important that those assignments actually relied upon here should refer to those below upon which they now rely.

There are other reasons why we are not authorized to consider appellants' "propositions" as assignments of error. Their first "proposition" reads: "Special issue No. 1 as submitted is upon the weight of the evidence; it assumed, as a fact, and was calculated to lead the jury to believe, that the court was of the opinion that, if any such representation as the question involved was actually made, the same was made 'as a means of and for the purpose of' getting the land in controversy conveyed to Joe D. Gavin. It was multifarious, duplicitous, submits two independent material questions in one, and submits a representation constituting only a question of law as a question of fact."

Even though the above statement, proposition, or assignment, by whatever name it may be called, had given us a reference to the part of the motion for new trial calling the matter to the attention of the trial court, as required by the procedure, it could not be deemed a distinct specification of the grounds relied upon by appellants. As defined by Webster's New International Dictionary, "Distinct" means: "Distinguished by nature or station; not the same; different in the place or the like; separate; individual; that which is capable of being distinguished; actually divided or apart from other things." By

its very terms it is not distinct from other grounds, nor does it distinguish one objection from another; it is distinctly multifarious; it deals with several matters which should have been submitted in "separate" and "distinct" grounds of complaint.

■ In addition to what we have said, the proposition quoted, as well as all others contained in the brief, especially Nos. 1, 2, 3, 4, and 5 complaining of the issues given, are open to the criticism that it nowhere appears that the error complained of was brought to the attention of the trial court, how brought, and what action the court took thereon, or that any exception was taken to the court's action; if the matter was not properly brought to the attention of the trial court, there is no error presented; if it was so brought and no exception was taken to the ruling of the court, there is no error.

■ Propositions Nos. 6 and 7 complain of the court's refusal to give their requested charges Nos. 14 and 16, which were general charges on assumed principles of law, and there was no error in their refusal in this case where it was submitted to the jury on special issues.

■ Nos. 8 to 16 assert that the court erred in permitting certain witnesses to testify to certain matters. No effort is made in the propositions to show how or why the testimony was calculated to injure the complaining parties, and the eighth proposition is the only one that pretends to show that any objection was taken to the testimony or that any ruling thereon was made by the court, or any exception taken to the ruling. This exception was made in these words: "As shown by testimony and exception shown at pages 15 to 17 inclusive of the statement of facts." We have referred to the pages of the statement of facts and find that the court sustained appellants' objections to the parts complained of there, while those parts objected to by appellants as shown at pages 16 and 17 present no error, over the objection made.

■ No. 17 reads: "In accordance with the erroneous holding that the 'financial condition of the parties' was admissible,' opposing counsel were permitted to lug into the case a multitude of irrelevant and prejudicial testimony extremely hurtful to the defense." This was too general and cannot be considered.

Nos. 18 to 27, inclusive, complain at the court's refusal to give and submit certain requested special charges; each proposition contains the proposed charge which was complained of as being refused. They were requests for the withdrawal of certain testimony given by named witnesses. But even if they could be considered as assignments of error and even if it was error for the court to have permitted its introduction, they are open to the same criticisms offered by us to the first proposition. We do not mean to hold the testimony was not admissible, since as shown herein we do not feel that the brief before us warrants us in going into that question.

■ No. 28 is as follows: "The evidence being insufficient to sustain a recovery, the court erred in refusing to sustain appellants' motion for an instructed verdict and further erred in refusing appellants' special charge No. 1, in which the jury were instructed to find for appellants and further erred in refusing appellants' motion for judgment notwithstanding the verdict." This "proposition" is not sufficient as an assignment; even if it be sufficient, it is subject to all the criticisms to No. 1, herein, as above set out, and cannot be considered.

■ No. 29 is to the effect that the court erred in overruling their motion for new trial on account of the fact that the verdict of the jury is contrary to the great weight and preponderance of the evidence and concludes, "as clearly appears from the 39th ground of said motion on pages 55 and 57 of the transcript on this appeal." This is the only paragraph of the 29 propositions which refers to the motion for new trial. If it can be said that the proposition quoted was sufficient as an assignment of error and not to be condemned as being too general (which we believe should be done), and to give recognition to the recent decisions holding amended article 1757, R.C.S., obviates the necessity of following assignments with propositions, then this court is required to search every word of the entire statement of facts, and demands an examination of every part and portion of the verdict, in order that we may inquire into the alleged error. As a statement supporting this proposition, or assignment as it must be termed, we find in the brief the quoted proposition and the following: "We have already fully quoted and discussed the facts in this case and we earnestly insist that whether the evidence or the verdict be sufficient or not,

the facts in the case are so overwhelmingly against the verdict and judgment as to require a reversal of the judgment of the trial court on account of the refusal of the trial court to grant our motion for a new trial."

It must be admitted there was not much aid to this court rendered by the statement and comment given.

We do not feel that we are called upon to make a search of an entire statement of facts under such a blanket assignment as the one mentioned.

We hold that the brief for appellants is not in substantial compliance of the rules promulgated by the Supreme Court and we cannot consider it further than is herein set-out.

We find no fundamental error presented by the record and must affirm the judgment of the trial court.

Affirmed.