### EATON et al. v. EATON.

#### No. 1904.

Court of Civil Appeals of Texas. Eastland.

May 12, 1939.

Rehearing Denied June 9, 1939.

344

■■■■■■■■■■■■■■

■■■■

R. E. Rodgers, of Hamlin, for appellants.

Herman E. Charles, of Hereford, and J. D. Barker, of Sweetwater, for appellee.

LESLIE, Chief Justice.

P. R. Eaton instituted this suit in trespass to try title against Lee Eaton, A. C. Eaton, L. A. Eaton, Byrl Eaton, and Ruth Yarbrough Eaton to recover title and possession of the West ½ of Sec. 183, Block 2, H&TC Ry. Co. Survey, Abst. No. 148, Fisher County, Texas.

Ruth Yarbrough Eaton filed a disclaimer and the other defendants entered a plea of not guilty, etc.

A trial was had before the court without a jury and the court rendered judgment in favor of plaintiff. Lee Eaton appeals, filing a supersedeas bond, and A. C. Eaton and L. A. Eaton appeal, filing an appeal bond. No findings of fact or conclusions of law were requested.

■■■ At the threshold of a consideration of this appeal, there is presented a vigorous objection by the appellee to our consideration of appellants' brief, for the reason that it does not contain any assignments of error as required by law and the rules of courts of civil appeals. An inspection of the appellants' brief discloses that there is not to be found therein an assignment of error. It is well settled that this court has no jurisdiction to determine the existence of errors in the proceedings incident to a judgment appealed from, save and except that such jurisdiction be invoked by the presence in the record of fundamental error, or by assignments of error in the brief. That the incorporation of assignments of error in the brief is indispensable to confer jurisdiction on this court to review alleged errors may be seen by reference to the following authorities where a great many cases are cited: Texas Court Rules (Smoot) Rule 32, p. 232, 230 S.W. vii; Art. 1846, Vernon's Ann.Civ.St. p. 185, note 8, same note pocket parts page 79; see, also, Notes 6 and 7 thereunder; 3 Tex. Jur. p. 835, sec. 588; see same section 1937 Supplement. 3 Texas Digest, p. 1011, sec. 766 and Supplement. Hardwicke v. Trinity Universal Life Ins. Co., Tex.Civ.App.,

89 S.W.2d 500; Western Union Life Co. v. Ensminger, Tex.Civ.App., 103 S.W.2d 162; Grand Court, Order of Calanthe of Texas v. Smith, Tex.Civ.App., 50 S.W.2d 492; Johnson v. Huey & Gould, Tex.Civ. App., 52 S.W.2d 278; Texas & Pacific Ry. Co. v. Leach, Tex.Civ.App., 106 S.W. 2d 836; Gavin v. Webb, Tex.Civ.App., 99 S.W.2d 372; Scaling v. Bellevue Independent School Dist., Tex.Civ.App., 285 S.W. 678.

■■■ We have, however, carefully examined the record for fundamental error and finding none it is ordered that the judgment of the trial court be affirmed. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.2d 811.